# In re Catalina ARREGUIN De Rodriguez, Applicant

File A35 507 157 - Dublin

*Decided May 11, 1995*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An alien who has committed a serious drug offense faces a difficult task in establishing that she merits discretionary relief; nevertheless, the applicant met her burden of demonstrating that relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (Supp. V 1993), was warranted where this was her only conviction, the sentencing court noted her acceptance of responsibility and "minor role" in the offense, there was substantial evidence of efforts toward rehabilitation, and the applicant presented unusual or outstanding equities, including nearly 20 years of lawful residence and two minor dependent United States citizen children.

(2) In considering the factors to be weighed in the exercise of discretion with regard to an application for relief under section 212(c) of the Act, evidence such as community ties, property and business holdings, or special service to the community are to be considered in the applicant's favor; however, the absence of those additional ties in themselves does not negate the weight to be accorded an applicant's long residence in this country.

Pro se

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Thomas L. Day, General Attorney

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, Board Member; HOLMES, Alternate Board Member. Dissenting Opinion: HEILMAN, Board Member.

VACCA, Board Member:

This is an appeal by the applicant from the decision of an Immigration Judge denying her application for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (Supp. V 1993). The appeal will be sustained.

## I. PROCEDURAL HISTORY

The applicant is a 41-year-old native and citizen of Mexico. She began residing in the United States in 1970, when she was 17 years old, and was

admitted into the United States as an immigrant on December 12, 1975. On September 29, 1993, the applicant was convicted in a United States District Court of importing marijuana in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) (1988). The 78.45 kilograms of marijuana were found in a camper shell of a pickup truck the applicant was driving across the border. The applicant was arrested upon her attempted entry and, because of the marijuana found in the truck and her subsequent conviction, was placed in exclusion proceedings under sections 212(a)(2)(A)(i)(II) and (C) of the Act, 8 U.S.C. §§ 1182(a)(2)(A)(i)(II) and (C) (Supp. V 1993).[1] In these proceedings, the applicant has not contested her excludability, but has applied for a waiver under section 212(c) of the Act.

At the conclusion of the hearing on the merits of the applicant's request for relief from exclusion, the Immigration Judge issued an oral decision finding that relief under section 212(c) of the Act was not warranted in the exercise of discretion, and ordering her exclusion and deportation to Mexico. On appeal, the applicant asserts that the Immigration Judge erred in his evaluation of the equities in her case. She is thus requesting that the decision of the Immigration Judge be vacated and that she be granted relief from exclusion under section 212(c) of the Act.

## II. ISSUE PRESENTED

Section 212(c) of the Act provides:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) . . . .

In adjudicating an application under section 212(c) of the Act, we balance the adverse factors evidencing the applicant's undesirability as a permanent resident with the social and humane considerations presented in her behalf to determine whether the granting of section 212(c) relief appears to be in the best interests of this country. *See Matter of Edwards,* 20 I&N Dec. 191 (BIA 1990); *Matter of Buscemi*, 19 I&N Dec. 628 (BIA 1988); *Matter of Marin*, 16 I&N Dec. 581 (BIA 1978). Accordingly, the issue in this case is whether, considering the particular facts presented, relief is warranted in the exercise

---

[1] Section 212(a)(2)(A)(i)(II) of the Act provides that "any alien convicted of . . . a violation of (or a conspiracy to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), is excludable."

Section 212(a)(2)(C) of the Act provides that "[a]ny alien who the consular or immigration officer knows or has reason to believe is or has been an illicit trafficker in any such controlled substance or is or has been a knowing assister, abettor, conspirator, or colluder with others in the illicit trafficking in any such controlled substance, is excludable."

of discretion. Upon our independent review of the record, we find that relief should be granted. *See Matter of Burbano,* 20 I&N Dec. 872 (BIA 1994).

## III. REHABILITATION

We first address the question of the applicant's rehabilitation. In his oral decision, the Immigration Judge states that the applicant "must also convince the court that she has rehabilitated." This statement leaves the erroneous impression that an applicant may be barred from relief simply by a failure to demonstrate that she is rehabilitated. A clear showing of reformation is not an absolute prerequisite to a favorable exercise of discretion in every section 212(c) application involving an alien with a criminal record. *See Matter of Edwards, supra.* Section 212(c) applications involving convicted aliens must be evaluated on a case-by-case basis, with rehabilitation a factor to be considered in the exercise of discretion. *Matter of Roberts*, 20 I&N Dec. 294 (BIA 1991); *Matter of Edwards, supra.* Here, the applicant is currently serving her sentence for the conviction underlying these proceedings. We recognize the difficulties an incarcerated alien faces in demonstrating convincing efforts towards rehabilitation. However, any efforts will be considered, and the applicant is not barred automatically from discretionary relief by her incarceration. Accordingly, in our review of this matter, we have taken into account the following indicators of the applicant's efforts at rehabilitation.

Evidence of the applicant's efforts towards rehabilitation include her apparent acceptance of responsibility for her crime. In this regard, we note that the criminal court reduced the applicant's sentence because of her acceptance of responsibility. This was based on the presentence investigation report prepared for the applicant's sentencing, which states:

> The Defendant made a voluntary post-arrest statement in which she admitted her involvement in the instant offense. On August 2, 1993, she pled guilty and during the subsequent presentence interview, she again admitted responsibility for smuggling the camper shell containing the marijuana into the United States for remuneration.

Likewise, at the hearing the applicant did not disclaim responsibility for the crime and did express remorse for her participation, stating that she was thankful she was caught so that she was unable to carry out the importation.

Despite her current incarceration, the record reflects that the applicant has apparently used her time in prison well in that she has advanced her otherwise meager education by voluntarily pursuing GED studies, for which she received a letter of commendation, has pursued other courses, has had no prison infractions, and has been involved in a church ministry.

In sum, the applicant's acceptance of responsibility for her crime and her achievements while in prison are favorable indicators of efforts at rehabilitation which we take into account in weighing the equities of her application.

## IV. OTHER FAVORABLE FACTORS

The other two major equities to be considered in the applicant's favor are her long residence and her five United States citizen children. The Immigration Judge seems to have found that these did not constitute unusual or outstanding equities. We disagree. Of the applicant's five United States citizen children, two are minors, Fernando, 11 years old, and Myra, 3 years old. The other three are emancipated adults. Due to the applicant's incarceration, the minor children are presently in the custody of the applicant's sister, who is receiving Aid to Families with Dependent Children on their behalf, since she is unable to support them on her salary while also raising her own children. However, the record reflects that they lived with the applicant prior to her arrest. The letters of support submitted by the applicant assert that she is a responsible and caring mother and that her exclusion and deportation would bring great hardship upon the children. Accordingly, we find that the minor children do constitute an outstanding equity, and that the three adult children are additional family ties to the United States to be considered in her favor.

Likewise, we find that the applicant's nearly 20 years of lawful permanent residence in this country constitutes an unusual or outstanding equity. The immigration judge found this not to be so because she "has little to show for her residence in the United States." There is no doubt that additional community ties, property and business holdings, or special service to the community would be equities in her favor. *See Matter of Marin, supra.* However, the absence of those additional ties in themselves does not negate the weight to be accorded the applicant's long residence in this country, which is otherwise without a criminal record, and during most of which she was employed. We note that the applicant testified that she has paid income taxes and she submitted copies of returns for 1982 to 1986. Accordingly, we consider the applicant's long residence to be an unusual and outstanding equity in her favor.

We additionally take into account that a letter submitted on behalf of the applicant states that she will be offered full-time employment upon her release. In this regard, we note that the applicant is apparently undecided as to whether the two minor children would accompany her or remain if she were deported; thus, they might remain in the United States if she were deported. We accordingly take into consideration that if the applicant remains in the United States and reenters the work force the children would be able to stop receiving welfare, as they would no longer be dependent on her sister.

The record reflects that during most of her 25 years of residence in this country the applicant has supported herself and her children and, according to the presentence report, has paid rent when living with her sisters. During two periods she resorted to welfare—after she was divorced, from 1977 to 1979, and after her youngest child was born, from 1991 until 1993, when she was arrested. In balance, we consider the applicant's long history of employment to be a favorable equity.

In sum, upon consideration of the applicant's efforts at rehabilitation and the other factors outlined above, we give greater weight to the favorable facts of record than did the immigration judge.

## V. ADVERSE FACTORS

As well as differing with the immigration judge regarding the favorable facts presented by the applicant, we make the following observations regarding the negative facts of record. First, as noted above, the court that convicted the applicant reduced her sentence on account of her acceptance of responsibility, as recommended in the presentence report. In addition, the sentencing court itself further reduced the sentence "because the defendant played a minor role in the offense." The applicant has had no other convictions or arrests, except for the incident discussed below. Thus, while we do not discount the gravity of the applicant's conviction, we take into account the mitigating factors relied upon by the sentencing court, as well as the fact that this is the applicant's only criminal conviction.

With regard to the applicant's immigration history, the Immigration and Naturalization Service presented documentation regarding the applicant's arrest in 1980 on suspicion of smuggling aliens. The applicant was alleged to have picked up a number of undocumented aliens near the border in an attempt to transport them further into the country for gain. The apprehension report states that prosecution was declined, and we note that deportation proceedings were never instituted on the basis of this incident. At the hearing, the applicant admitted that she gave a ride to a family, but denied that she was paid for it or that she was engaged in any wrongdoing. She also testified that the three birth certificates and social security cards mentioned in the report belonged to her three children, and that she always carried them with her.

The Immigration Judge concluded that this incident was a negative factor to be considered in exercising discretion. Just as we will not go behind a record of conviction to determine the guilt or innocence of an alien, so we are hesitant to give substantial weight to an arrest report, absent a conviction or corroborating evidence of the allegations contained therein. Here, the applicant conceded that the arrest took place but admitted to no wrongdoing. Considering that prosecution was declined and that there is no corroboration, from the applicant or otherwise, we give the apprehension report little weight.

## VI. CONCLUSION

An alien who has committed a serious drug offense faces a difficult task in establishing that she merits discretionary relief. Nevertheless, relief under section 212(c) of the Act may be merited based upon the totality of circumstances presented in a particular case. *Matter of Burbano, supra.* Here, we have weighed the negative fact of the applicant's only conviction, the

mitigating facts of her minor role and efforts toward rehabilitation, and the favorable facts of record, which include nearly 20 years of lawful residence and two minor dependent children, and we find that relief under section 212(c) of the Act is warranted in this instance.

In granting this waiver we particularly advise the applicant that if she commits another offense leading to exclusion or deportation proceedings, she is not likely to be the beneficiary of such relief again.

**ORDER:**     The appeal is sustained.

**FURTHER ORDER:**     The applicant is granted a waiver of inadmissibility under section 212(c) of the Act and is hereby admitted to the United States as a returning lawful permanent resident.

*DISSENTING OPINION:* Michael J. Heilman, Board Member

I respectfully dissent.

The respondent's appeal did not specifically identify any errors in the Immigration Judge's decision, and I therefore find no ground on which to exercise our appellate authority to reverse the decision.

This is not an easy or simple case to adjudicate, as we are presented with a serious conviction involving a large quantity of marijuana on the one hand, and substantial equities on the other. Presented with this difficult decision, the Immigration Judge took into consideration the requisite factors set forth in our precedent decisions. The favorable factors the Immigration Judge took into consideration included the respondent's long residence in the United States, her family ties (especially giving weight to her two minor children), evidence of her rehabilitative efforts, and her employment history, although he found the latter diminished by her receipt of public assistance during two periods. By way of adverse factors, the Immigration Judge took into consideration the serious conviction underlying these proceedings, as well as the arrest in 1980 on alien smuggling grounds. Upon weighing these competing factors, the Immigration Judge decided, in the exercise of discretion, that relief was not warranted.

Reasonable minds can easily reach conflicting decisions in a case as close as this one. Nevertheless, it is my opinion that the respondent here did not adequately raise specific objections to the Immigration Judge's decision so as to warrant the re-weighing of the equities engaged in by the majority here. Accordingly, I would not have reversed the decision of the Immigration Judge in this instance.