Jenny Lee **HENRY**, also known as Karen Allen, also known as Karen Henry, also known as Annette Williams, also Known as Andrea Scantlebury, also known as Williams Sherlly, also known as Jennylee Henry, also known as Lorna Williams, also known as

Sharon Smith, also known as Jenny-mary Henry, also known as Shelly Williams, also Known as Williams, Petitioner,

v.

Michael B. MUKASEY, Attorney General of the United States,[1] Respondent.

No. 07–1884–ag.

United States Court of Appeals, Second Circuit.

Feb. 11, 2008.

Tanisha L. Massie, Cleary Gottlieb Steen & Hamilton LLP, New York, New York, for Petitioner.

Sarah Maloney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judges, LEWIS A. KAPLAN,[2] District Judge.

## SUMMARY ORDER

Jenny Lee Henry seeks review of a final order of the BIA, issued April 26, 2007, dismissing her appeal of an immigration judge's ("IJ") decision ordering her removed. Henry conceded removability and seeks review of the BIA's discretionary denial of her applications for cancellation of removal under Section 240A of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b, and for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h). Because we conclude that we lack jurisdiction to review her claims, we

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Anthony Gonzales as the respondent in this case.

2. Hon. Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

dismiss the petition. We assume the parties' familiarity with the underlying facts and procedural history in this case.

When, as here, the BIA adopts the decision of the IJ and supplements and revises the IJ's decision, we review the decision of the IJ as supplemented and revised by the BIA. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006).

In general, we lack jurisdiction to review the agency's denial of an application for cancellation of removal. *See Barco–Sandoval v. Gonzales,* 496 F.3d 132, 135 (2d Cir.2007) ("[T]he BIA's discretionary determinations concerning whether to grant cancellation of removal constitute 'judgment[s] regarding the granting of relief under ... section 1229b' within the meaning of 8 U.S.C. § 1252(a)(2)(B)(i) and therefore the review of such determinations falls outside our jurisdiction.") (internal citations omitted). Similarly, we lack jurisdiction to review "any judgement regarding the granting of relief under section 1182(h)." 8 U.S.C. § 1252(a)(2)(B)(i). However, with respect to both types of application, we retain jurisdiction to review "constitutional claims or questions of law." *Id.* § 1252(a)(2)(D); *see Noble v. Keisler,* 505 F.3d 73, 77 (2d Cir.2007). Accordingly, Henry frames her claims as raising constitutional questions and other questions of law.

To determine whether we retain jurisdiction under section 1252(a)(2)(D) to review challenges to the agency's exercise of discretion, we must "study the arguments asserted ... to determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the ... justification for the discretionary choices, in which case [we] ... lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,'" in which case

we retain jurisdiction to review those particular issues. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006).

■ Henry first argues that the agency committed legal error by failing to determine whether her removal would create an "extreme hardship" for her family. Although "extreme hardship" is a statutory prerequisite to section 212(h) relief, Henry does not argue that the BIA erred by failing to determine her statutory eligibility for section 212(h) relief. *See INS v. Bagamasbad,* 429 U.S. 24, 25, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976) (per curiam) ("[A]bsent an express statutory requirement" to the contrary, the agency need not rule on issues of statutory eligibility prior to determining whether to grant a discretionary form of relief). Henry's complaint, rather, is that under BIA precedent, extreme hardship, "once established ... is [a] favorable discretionary factor to be considered." *In re Mendez–Moralez,* 21 I. & N. Dec. 296, 301 (BIA 1996). Thus, Henry argues that the agency was required to determine whether her removal would create an extreme hardship to her family in order to weigh all the relevant equities. The agency, however, expressly considered the hardship her family would suffer. *See, e.g., In re Jenny Lee Henry,* No. A38 619 316, at 17 (Immig. Ct. N.Y. City Dec. 9, 2005) ("There is strong evidence that the Respondent and her family, including her five minor U.S. citizen children and her mother, would suffer hardship if removal occurs."). Henry's complaint, therefore, is that the agency did not give her hardship enough weight in balancing the equities. This is a claim over which we lack jurisdiction. *See Xiao Ji Chen,* 471 F.3d at 332 (noting that we lack jurisdiction to review a challenge to "the balancing of factors in which discretion was exercised").[3]

3. *Bastanipour v. INS,* 980 F.2d 1129 (7th Cir. 1992), is not to the contrary. In *Bastanipour,*

Second, Henry argues that the agency placed too much weight on her recent arrests in determining that she was not rehabilitated. Henry does not contend that the agency, as a matter of law, is precluded from considering her arrests. Rather, Henry contends that the agency erred by giving her arrests "substantial weight." *See In re Arreguin*, 21 I. & N. Dec. 38, 42 (BIA 1995) (noting the Board's hesitance "to give substantial weight to an arrest report, absent a conviction or corroborating evidence of the allegations"). Because this argument asks us to review the amount of weight that the BIA placed on the arrests, we lack jurisdiction to review the merits of the argument. Henry contends also that the IJ erred by assuming that her arrests might lead to imprisonment and abandonment of her children. We need not decide whether the alleged error would amount to an error of law because the BIA specifically disavowed this interpretation of the IJ's holding. Thus, in balancing the equities, the BIA—whose decision we review—clearly did not rely on this alleged error. *See Noble*, 505 F.3d at 78 ("The discretionary portion of an IJ's decision is ... reviewed by the BIA as though it were deciding the issue in the first instance.").

Finally, Henry argues that the BIA erred by placing weight on her refusal to accept guilt for some of her past convictions in determining that she was not rehabilitated. In support of the proposition that the agency may not so rely, Henry cites a decision from the Seventh Circuit, which, reviewing for abuse of discretion, held that a refusal to acknowledge guilt regarding convictions cannot alone negate

the BIA's decision was reviewable for abuse of discretion, "the Board gave no reasons for its discretionary determination," and the BIA "assumed that [the petitioner] lacked a well-founded fear of persecution." *Id.* at 1131. Here, review is precluded by a jurisdictional

a finding of rehabilitation. *See Guillen–Garcia v. INS*, 999 F.2d 199, 204–05 (7th Cir.1993). Because the BIA did not rely solely on Henry's refusal to accept responsibility for her past crimes, *Guillen–Garcia* is inapposite.

For the foregoing reasons, the petition for review is DENIED.

bar, and the agency explicitly discussed, and accounted for, the hardship to her family. Henry's quarrel, therefore, is with the agency's balancing of the equities, which we lack jurisdiction to review.