

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-3-2009

# Manuel Calderon v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3069

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Manuel Calderon v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1932.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1932

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3069
_____

MANUEL ALEJANDRO CALDERON,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A41 085 292
Immigration Judge:  Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2009

Before:  BARRY, SMITH and GARTH, <u>Circuit</u> <u>Judges</u>

February 3, 2009
_____

OPINION
_____

PER CURIAM

Manuel Calderon petitions for review of an order of the Board of Immigration

Appeals (BIA), which dismissed his appeal from an Immigration Judge's (IJ's) removal

order.  We will deny the petition for review.

Calderon, a native and citizen of Colombia entered the United States as a lawful permanent resident in January 1988. In 1992, Calderon's son, Christian, was born. Calderon was arrested ten months later, and in 1995, he pleaded guilty to the offense of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and was sentenced to time served (about two years in prison), and three years of supervised release. A.R. 441-42. Calderon was arrested once again in March 2000 and was charged with first degree murder. He was placed in pretrial detention in Florida. His public defender withdrew due to a conflict of interest about one month before trial was to commence. The State provided a private attorney, but that attorney agreed to take the case only if Calderon agreed to waive his right to a speedy trial. After about 5 ½ years in pretrial detention, Calderon was acquitted of the charges in September 2005. He was then in immigration detention until February 2006 when he was released on bond.

Calderon was served with a Notice to Appear in December 2005, charging him with being removable because of his controlled substance violation. Calderon admitted he was removable, but he applied for a waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act (INA). A.R. 437-39. At a hearing on the merits of his application, Calderon testified, and presented the testimony of three individuals as well as exhibits in support of granting him a waiver.

The IJ determined that due to the seriousness of Calderon's controlled substance violation, he would need to show unusual or outstanding equities in order to be eligible

2

for a § 212(c) waiver. A.R. 139. The IJ considered that Calderon had spent over one-third of his time in the United States in prison, and noted that Calderon's conviction involved almost 6000 grams of cocaine. A.R. 140. The IJ stated that although Calderon appeared to have turned his life around, and although he tried to make time for his son, those equities did not outweigh the negative factors. A.R. 137, 140. The IJ also noted that the mother of Calderon's son did not appear at the hearing or provide an affidavit, even though she lived in Newark, where the hearing was held. A.R. 136. The IJ denied relief.

Calderon filed a notice of appeal to the BIA, and also a motion to supplement the record and for remand; attaching an affidavit from his son's mother, who was unable to attend the hearing due to a medical emergency. A.R. 4-5, 12-20. The BIA dismissed the appeal and denied the motion for remand. The BIA rejected Calderon's argument that pursuant to Giambanco v. INS, 531 F.2d 141 (3d Cir. 1976), the IJ had erred in considering his arrest and time in pretrial detention for first degree murder. The BIA held that Giambanco was inapposite, as it involved consideration of a conviction for which a Judicial Recommendation Against Deportation (JRAD) had been made. A.R. 3. The BIA noted that no issue involving a JRAD was present in Calderon's case, and that instead, the IJ simply considered the entirety of Calderon's criminal record, including the fact that during much of his time in the United States he had been incarcerated. The BIA also found no error in the IJ's conclusion that Calderon had failed to show sufficient equities

3

to merit a § 212(c) waiver. The BIA noted that the IJ did not find the equities Calderon presented overcame his 1995 drug conviction and "relatively recent arrest for first degree murder." A.R. 3. The BIA also found that Calderon had failed to meet his burden of showing that a remand was necessary, as his son's mother's affidavit was unlikely to change the outcome of the proceedings. Id.

Calderon, proceeding pro se, filed a timely petition for review. We have jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(1). When the Board issues a decision on the merits, we generally review only the Board's order. See Li v. Attorney General, 400 F.3d 157, 162 (3d Cir. 2005); Abdulai v. Ashcroft, 239 F.3d 542, 548-49 (3d Cir. 2001). Where the Board adopts the reasoning of the IJ with some discussion of the bases for the IJ's decision, we also review the order of the IJ. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004).

We lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed," inter alia, a controlled substance violation covered in § 212(a)(2) of the Immigration and Nationality Act (INA). 8 U.S.C. § 1252(a)(2)(C). However, the REAL ID Act of 2005 restored direct review of constitutional claims and questions of law presented by such aliens in petitions for review of final removal orders. 8 U.S.C. § 1252(a)(2)(D); Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). Because Calderon has been convicted of a controlled substance violation, in our review we may consider only constitutional issues, pure questions of law,

4

and issues of application of law to uncontested facts. See Kamara v. Attorney General, 420 F.3d 202, 211 (3d Cir. 2005).

Calderon raises essentially two questions: first, he argues that the IJ and BIA erred, as a matter of law, in considering his arrest and pretrial detention for the first degree murder charge; second, he argues that the Board violated his right to due process by denying his motion for a remand and by making errors of fact and failing to consider certain factors. We will consider the latter argument first.

We agree with the Government that we lack jurisdiction to consider Calderon's due process claim. Although an alien in the United States may not be deprived of liberty or property without due process, an alien, like anyone else, must first possess a liberty or property interest to raise a due process claim. Hernandez v. Gonzales, 437 F.3d 341, 345-46 (3d Cir. 2006). Because an alien is not entitled to a waiver of deportation under former INA § 212(c), an alien has no protected liberty or property interest in discretionary § 212(c) relief. Smith v. Ashcroft, 295 F.3d 425, 429-30 (4th Cir. 2002). We therefore lack jurisdiction to consider Calderon's due process claim.

The Government also claims that we lack jurisdiction to consider Calderon's issue of the consideration of his arrest and pretrial detention. However, Calderon raises a question of law, which we clearly have jurisdiction to review. 8 U.S.C. § 1252(a)(2)(D).[1]

---

[1] The Government also claims we lack jurisdiction because the IJ alternatively denied relief as a matter of discretion. See A.R. 139 ("In addition, as a matter of discretion, I also find that I would not unfortunately [sic] in this respondent's favor."). However,

5

Calderon's main argument is that the Board departed from its decision in <u>Matter of Catalina Arreguin</u>, 21 I&N Dec. 38 (BIA 1995). In <u>Matter of Arreguin</u>, the Board considered the case of a woman who was serving a term of imprisonment for importing marijuana. The Board noted that this was her only conviction, and noted that it would give "little weight" to a previous arrest on suspicion of smuggling aliens, where prosecution was declined and there was no conviction or corroborating evidence of the allegations. <u>Id</u>. at 42. Calderon argues that if an arrest that results in no conviction after charges were dropped is given little weight, then it is "axiomatic" that a charge resulting in a "not guilty" determination must be given no weight.

We do not agree with Calderon's logic. It is quite possible that an IJ might give more weight to an arrest that resulted in a prosecution, as it suggests that there was sufficient evidence of wrongdoing to prevent authorities from dropping the charges. However, we need not reach the issue, as the IJ here did not use the fact of Calderon's prosecution for murder as an indication of wrongdoing; rather, the IJ simply considered the fact that Calderon had been incarcerated (rightly or wrongly) for a good deal of his time in the United States. This incarceration prevented him from forming a closer relationship with his son and developing other positive equities.

The IJ, taking into account the length of time Calderon spent in the criminal penal

---

although the BIA mentioned this in its decision, it did not expressly affirm or adopt that alternative holding. Rather, it discussed the IJ's balancing of the equities in determining that the IJ properly denied relief.

system, and the seriousness of his drug conviction, found that the positive equities did not outweigh the negative considerations. We hold that the IJ could, as a matter of law, consider the time Calderon spent in pretrial detention as one of the factors in determining whether Calderon warranted a waiver of removal. We therefore will deny the petition for review.