**Leonardo Vianna DeCAMPOS,**
Petitioner

**v.**

**ATTORNEY GENERAL OF the UNITED STATES,**
Respondent.

No. 08–1091.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) July 1, 2009.

Filed: July 20, 2009.

Francis X. Geier, Esq., Anayancy R. Housman, Esq., Law Office of Anayancy R. Housman, Elizabeth, NJ, for Petitioner.

Mary Jane Candaux, Esq., Richard M. Evans, Esq., Achiezer Guggenheim, Esq., Thomas W. Hussey, Esq., Virginia M. Lum, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Leonardo V. DeCampos petitions for review of a final order of the Board of Immigration Appeals ("BIA"). For the following reasons, we will deny the petition for review.

DeCampos, a citizen of Brazil, entered the United States in 1991 as a legal permanent resident. In 2001, he pleaded guilty in New Jersey to burglary by entering a structure, a felony under Section 2C:18–2A of the New Jersey Code. Upon his return to the United States from international travel in 2002, DeCampos was placed in removal proceedings based on his conviction of a crime of moral turpitude. See 8 U.S.C. § 1182(a)(2)(A)(i)(I).

At his removal hearing before an immigration judge ("IJ"), DeCampos conceded removability and applied for cancellation of removal under 8 U.S.C. § 1229b(a). The IJ denied relief. The IJ determined that DeCampos had been in the United States as a legal permanent resident for fifteen years. The IJ noted that he entered the United States when he was eight years old; he was educated here; he had worked at various jobs, including, most recently, as a truck driver; and his mother and all of his close relatives lived in the United States. DeCampos knew no one in Brazil, and he does not speak Portuguese. The IJ recognized that DeCampos's removal would place a significant hardship on his mother, but the IJ also noted that the hardship was somewhat mitigated by the fact that DeCampos's mother owns a house in Brazil and visits there three or four times a year. Turning to DeCampos's criminal record, the IJ noted that the crimes of which he was convicted in the recent past were minor and that none of his convictions constituted "aggravated felonies." The IJ observed, however, that DeCampos's record of convictions from 2001 through 2006 demonstrated a lack of genuine rehabilitation, noting that he committed at least two of them while he was on probation and during the pendency of the immigration proceedings. The IJ also observed that although DeCampos was gainfully employed for several years, he paid taxes only in 2005.

A single member of the Board of Immigration Appeals ("BIA") adopted the IJ's decision and reasoning and dismissed the appeal, stating that "[p]articularly considering the respondent's continuing arrests after being placed in proceedings, we are not persuaded that the Immigration Judge erred in ultimately concluding that the respondent had not met his burden of demonstrating that he warranted a favorable exercise of discretion (I.J.5–11)." A.R. 2. When, as here, the BIA expressly adopts the IJ's decision, we review the decisions of both the IJ and the BIA. *Shehu v. Gonzales,* 482 F.3d 652, 657 (3d Cir.2007).

DeCampos raises three questions in his petition for review: first, he claims that the IJ's failure to fully consider the equi-

ties in DeCampos's favor violated due process; second, he argues that the IJ failed "to meaningfully consider the positive equities" in DeCampos's case, contrary to *Tipu v. INS*, 20 F.3d 580, 583 (3d Cir. 1994); and third, he argues that the IJ departed from the Board's decision in *Matter of Catalina Arreguin*, 21 I. & N. Dec. 38 (BIA 1995), when he considered DeCampos's rehabilitation factor as a prerequisite to a grant of relief.

The Government asserts that DeCampos did not sufficiently exhaust his due process claim because he did not exhaust it in the BIA. Relying on *Marrero v. INS*, 990 F.2d 772, 778 (3d Cir.1993), DeCampos counters that he is exempt from exhaustion because the BIA lacks jurisdiction to adjudicate constitutional claims. Reply Brf. at 9. Our jurisdiction is limited under § 242(d)(1) of the INA, to cases where the petitioner "has exhausted all administrative remedies available as of right...." 8 U.S.C. 1252(d)(1); *see Abdulrahman v. Ashcroft*, 330 F.3d 587, 594–95 (3d Cir.2003). When a due process claim not presented to the BIA involves only a procedural error correctable through the normal administrative process, we are unable to review it in the absence of exhaustion. *See Bonhometre v. Gonzales*, 414 F.3d 442, 444 n. 1 (3d Cir. 2005); *Sewak v. INS*, 900 F.2d 667, 670 (3d Cir.1990). Here, DeCampos argues that he "has a right to a reasonable opportunity to have evidence that he presented in support of his application seriously considered" by the IJ. Reply Brf. at 10. The claim raises procedural error correctable through the administrative process, and, thus, DeCampos is required to exhaust the issue before we can review it.

■ We agree with the Government that we lack jurisdiction to consider De-Campos's second claim that the IJ failed to meaningfully consider the equities in the case under *Tipu*. We have jurisdiction to review final orders of the BIA under 8 U.S.C. § 1252(a)(1). In reviewing a final order of removal against an alien who is removable by reason of having committed a crime under 8 U.S.C. § 1182(a)(2)(A)(i)(I), however, our jurisdiction is limited to deciding constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(C)(D). We have recognized that § 1252(a)(2)(D) "confers on us jurisdiction over purely legal questions," such as whether a particular offense qualifies as an aggravated felony under the INA. *Jarbough v. Attorney General*, 483 F.3d 184, 189 (3d Cir.2007). In *Tipu*, we had jurisdiction under 8 U.S.C. § 1105a(a)(1) (1994) to review for abuse of discretion the BIA's failure to consider important factors in favor of granting a waiver under 8 U.S.C. § 1182(c). The REAL ID Act of 2005, however, stripped us of our jurisdiction to review discretionary eligibility determinations with respect to cancellation of removal. *See Mendez–Moranchel v. Ashcroft*, 338 F.3d 176, 178–79 (3d Cir.2003); 8 U.S.C. § 1182(a)(2)(A)(i)(I). DeCampos's argument that the IJ failed to meaningfully consider those factors under *Tipu*, is such an argument, not a pure question of law under § 1252(a)(2)(D). *Id.* We lack jurisdiction to entertain the argument.

■ The Government also argues that we lack jurisdiction to consider the issue of DeCampos's rehabilitation, contending that this claim, although worded differently, is essentially the same as DeCampos's *Tipu* claim. To the extent that the claim challenges the weight the IJ gave to the equities in the case as a matter of discretion, we agree that we lack jurisdiction to consider it. But we read DeCampos's brief to argue that, like the IJ in *Matter of Arreguin*, the IJ departed from the legal standard for determining cancellation of removal by deciding that DeCampos's failure to show rehabilitation precluded relief. This claim raises a question of law over which we retain jurisdiction. Accordingly, we will deny the Government's motion to

dismiss and review DeCampos's the claim on its merits. We review questions of law *de novo*, but we "defer to the BIA's reasonable interpretations of statutes it is charged with administering." *Augustin v. Attorney General*, 520 F.3d 264, 267 (3d Cir.2008) (*quoting Silva–Rengifo v. Atty. Gen.*, 473 F.3d 58, 63 (3d Cir.2007)).

In *Matter of Arreguin*, the BIA considered a request for relief from exclusion under § 1182(c) by a woman who was serving a term of imprisonment on her conviction for importing marijuana. The BIA rejected the IJ's decision that Arreguin "must also convince the court that she has rehabilitated." 21 I. & N. Dec. at 40. Arreguin argued that by doing so, the IJ considered a positive showing of rehabilitation to be necessary in order to grant relief. Here, DeCampos argues that by concentrating most of his decision on DeCampos's lack of rehabilitation while barely mentioning other factors, the IJ essentially treated the rehabilitation factor as a prerequisite to granting relief, to the exclusion of all other factors. We disagree.

To be eligible for cancellation of removal under 8 U.S.C. § 1229b(a), an alien must demonstrate his statutory eligibility and show that he warrants relief as a matter of discretion. *Matter of C–V–T*, 22 I. & N. Dec. 7, 10 (BIA 1998).[1] "[T]he application of the general standards developed in the context of relief under the former section 212(c) of the Act, [8 U.S.C. § 1182(c) (1994),] are appropriate standards for the exercise of discretion under 240A(a) of the Act [8 U.S.C. § 1229b(a) ]." *Id.* The IJ must "weigh the favorable and adverse factors to determine whether, on balance, the 'totality of the evidence before us' indicates that the '[alien] has adequately demonstrated that he warrants a favorable exercise of discretion and a grant of cancellation of removal under sec-

tion 240A(a) of the Act.'" *Matter of Sotelo–Sotelo*, 23 I. & N. Dec. 201, 204 (BIA 2001) (*quoting Matter of C–V–T*, 22 I. & N. Dec. at 10).

In *Arreguin*, the BIA held that the IJ applied the wrong legal standard because no law required the petitioner to make a clear showing of rehabilitation as a prerequisite to a favorable exercise of discretion. 21 I. & N. Dec. at 40. Rather, the BIA explained, an alien's rehabilitation was one of many factors to be considered in evaluating whether § 1182(c) relief was warranted. *Id.* Here, the IJ referenced a number of important factors, including whether DeCampos had relatives still living in Brazil, his inability to speak the language, the hardship of his removal on his mother, his employment history in the United States, his rehabilitation from criminal conduct, and his record of paying taxes. We cannot conclude from this that the IJ used a legal standard different from the one mandated in *Arreguin*. We will therefore deny the petition for review.

---

1. DeCampos's statutory eligibility is not at issue here.