OPINION OF THE COURT
PER CURIAM.
Petitioner Eddie Fernando Bernabe-Reyes seeks review of the Board of Immigration Appeals’ (“BIA”) final order of removal. In its order, the BIA affirmed the Immigration Judge’s (“IJ”) decision to deny his application for cancellation of removal under Immigration and Nationality Act (“INA”) § 240A. We will dismiss the petition for review in part and deny it in part.
I.
Bernabe-Reyes is a native and citizen of Ecuador who became a lawful permanent resident of the United States in July 1983. He was three years old at the time. In April 2004, Bernabe-Reyes was convicted of the crime of child abuse, in violation of New Jersey law. In April 2005, after violating his two-year period of probation by contacting the victim of his crime, Ber-nabe-Reyes was sentenced to eighteen months of imprisonment. In August 2005, he was served with a Notice to Appear, charging him with being removable under INA § 237(a)(2)(E)(i), as an alien who at any time after admission has been convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment.
As relief from removal, Bernabe-Reyes applied for cancellation of removal under INA § 240A [8 U.S.C. § 1229b(a) ]. Following a hearing, the IJ denied Bernabe-Reyes’ application and ordered him removed. The IJ determined that Bernabe-Reyes’ deliberate and knowing violation of his probation and pursuit of the victim in his case outweighed the other positive factors that he presented in support of his application.
Bernabe-Reyes filed an appeal with the BIA and, in a December 2008 decision, the BIA dismissed his appeal. The BIA observed that even though Bernabe-Reyes presented significant positive equities, including his work history and the fact that he has numerous relatives in the United States, those equities did not outweigh the negative factors in his case. The negative factors cited by the BIA were his two prior arrests for possession of marijuana and violating his probation by contacting the victim in his child abuse case, who was a minor at the time. This petition for review followed.
II.
To be eligible for cancellation of removal under 8 U.S.C. § 1229b(a), an alien must demonstrate his statutory eligibility and show that he warrants relief as a matter of discretion. Matter of C-V-T, 22 I. & N. Dec. 7, 10 (BIA 1998). The BIA must weigh the favorable and adverse factors to determine whether, on balance, the “totality of the evidence” indicates that the alien has adequately demonstrated that he warrants a favorable exercise of discretion and a grant of cancellation of removal. Matter of Sotelo-Sotelo, 23 I. & N. Dec. 201, 204 (BIA 2001).
Bernabe-Reyes raises three questions in his petition for review: first, he argues that the BIA failed to “meaningfully consider” the positive equities in his case; second, he claims that the BIA violated his due process rights when it failed to observe several important positive equities in the record before rendering a decision; and third, he argues that the BIA departed from its decision in Matter of Arreguin *404 De Rodriguez, 21 I. & N. Dec. 38 (BIA 1995), when it considered his rehabilitation factor as a prerequisite to a grant of relief.
We agree with the Government that we lack jurisdiction to consider Ber-nabe-Reyes’ first claim that the BIA failed to meaningfully consider the equities in the case. We have jurisdiction to review final orders of the BIA under 8 U.S.C. § 1252(a)(1). However, the INA states that “no court shall have jurisdiction to review [] any judgment regarding the granting of relief under section ... 1229b of this title.” 8 U.S.C. § 1252(a)(2)(B)®. Notwithstanding, we retain jurisdiction to review constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(D).
Bernabe-Reyes argues that the BIA did not meaningfully consider the positive equities in the case, while giving substantial consideration to the negative factors. In making this argument, however, Bernabe-Reyes challenges only the weight given to the evidence, not the legal standard that the BIA employed in reaching its decision. Such a claim challenges an exercise of the BIA’s discretion over which this Court does not have jurisdiction. See Jarbough v. Att’y Gen., 483 F.3d 184, 189 (3d Cir.2007).
The Government also argues that we lack jurisdiction to review Bernabe-Reyes’ due process claim in which he avers that the BIA entirely failed to consider several of his most compelling positive equities before rendering a decision. The Government argues that Bernabe-Reyes is merely recasting his challenge to the BIA’s discretionary determination as a constitutional claim so that we may assert jurisdiction. To the extent that the claim challenges the weight the BIA gave to the equities in the case as a matter of discretion, we agree that we lack jurisdiction to consider it. However, we read Bernabe-Reyes’ brief to claim that the BIA ignored certain positive equities altogether before engaging in the discretionary balancing of all of the factors in the case. Because Bernabe-Reyes appears to argue that the BIA departed from the legal standard for determining cancellation of removal as set forth in Matter of Sotelo-Sotelo by failing to observe all of the factors before it prior to rendering a discretionary decision, we retain jurisdiction over the claim.[1]
The claim is without merit, however. As mentioned, Bernabe-Reyes claims that the BIA ignored several compelling positive equities in the record. These include the extreme hardship that deportation would cause his grandmother for whom he provides around-the-clock medical care, the fact that he serves as a surrogate father to his half-siblings and provides financial support for his mother, that he has filed federal income taxes, and that he knows almost nothing about Ecuador and has no family there. However, a review of the BIA’s decision shows that it did consider those equities before rendering a decision — “[t]he respondent has significant positive equities like long residence in the United States that began at a young age, work history, and several close relatives who are lawful permanent residents or citizens of the United States. The respondent also appears to be instrumental to caring for his grandmother, who suffered a stroke.” (A.R. 4 (internal record citations omitted).) Thus, any argument that the BIA failed to follow its decision in Matter of Sotelo-Sotelo is without merit.
The Government also argues that we lack jurisdiction to consider Bernabe- *405 Reyes’ rehabilitation claim, contending that it is merely a third attempt to challenge the weight the BIA gave to the equities in the case in the exercise of its discretion. To the extent that the claim challenges the weight the BIA gave to the equities in the case as a matter of discretion, we again agree that we lack jurisdiction to consider it. However, we read Bernabe-Reyes’ brief to argue that, like in Matter of Arreguin De Rodriguez, the BIA departed from the legal standard for determining cancellation of removal by deciding that Bernabe-Reyes’ failure to show rehabilitation precluded relief. Thus, this claim raises a question of law over which we retain jurisdiction.
In Matter of Arreguin De Rodriguez, the BIA considered a request for relief from exclusion by a woman who was serving a term of imprisonment on her conviction for importing marijuana. The BIA rejected the IJ’s decision that Arreguin “must also convince the court that she has rehabilitated.” 21 I. & N. Dec. at 40 (quotation marks omitted). The BIA explained that an alien’s rehabilitation is one of many factors to be considered in evaluating whether relief is warranted. Id.
Bernabe-Reyes argues that the BIA treated the rehabilitation factor in his case as a prerequisite to granting relief. We disagree. As mentioned earlier, the BIA referenced a number of important factors, including Bernabe-Reyes’ long residence in the United States, his many relatives in the United States, and the fact that he contributes to the care of his grandmother. Furthermore, the BIA explicitly acknowledged that where a criminal conviction exists, rehabilitation “ordinarily” must be shown, but it is not a prerequisite for the grant of relief. (A.R.4.) We therefore cannot conclude that the BIA used a legal standard different from the one established in Matter of Arreguin De Rodriguez.
We will therefore dismiss the petition for review in part and deny it in part.

. We review questions of law de novo, but we "defer to the BIA's reasonable interpretations of statutes it is charged with administering.” Augustin v. Att’y Gen., 520 F.3d 264, 267 (3d Cir.2008).