NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2735
_____

NAGHMAN GULL,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(Agency Case No. A087-783-553)
Immigration Judge: Mirlande Tadal
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 26, 2023

Before: JORDAN, KRAUSE, and MONTGOMERY-REEVES, *Circuit Judges*

(Filed: July 7, 2023)
_____

**OPINION**[*]
_____

Krause, *Circuit Judge*.

Petitioner Naghman Gull challenges the discretionary decision of the Board of

Immigration Appeals (BIA) to deny him cancellation of removal. Because his challenges

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not
binding precedent.

either reach beyond the scope of the BIA's decision in his case or dispute factual findings as opposed to legal conclusions, we lack jurisdiction to grant his petition for review. We therefore will dismiss the petition.

## I. BACKGROUND

Gull arrived in the United States from Pakistan in 1997 using someone else's identity. The Department of Homeland Security (DHS) discovered this and issued a Notice to Appear at a removal proceeding in 2010, but an immigration judge administratively closed Gull's case in 2013. DHS sought to reopen the case after Gull was implicated in three domestic disturbances in 2020, two of which led to his arrest. In response, Gull petitioned for cancellation of removal under 8 U.S.C. § 1229b(b)(1) based on the alleged hardship his removal would cause his children.[1]

The immigration judge (IJ) denied the petition, concluding that Gull failed to satisfy two of the eligibility criteria for relief under § 1229b(b)(1): that he be a person of good moral character, and that he show "that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or" a lawful permanent resident.[2] 8 U.S.C. § 1229b(b)(1). The IJ also held that,

---

[1] Gull also petitioned for and was denied special-rule cancellation of removal as a "battered" spouse under 8 U.S.C. § 1229b(b)(2). On appeal, however, he does not press that claim except to preserve it in the event of a remand.

[2] In full, eligibility for hardship-based cancellation of removal requires that a petitioner (1) must have been continuously present in the United States for at least ten years, (2) must be a person of good moral character, (3) must not have been convicted of an offense that bars such discretionary relief (*e.g.*, an aggravated felony), and (4) must show "that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or" a lawful permanent resident. 8 U.S.C. § 1229b(b)(1).

even assuming Gull was eligible for cancellation of removal, the balance of equities weighed against a favorable exercise of discretion in his case.

The BIA also denied relief, agreeing with the IJ that Gull had failed to establish exceptional hardship to Gull's children, which it determined was "not substantially different from, or beyond that which would normally be expected to occur following the removal of a parent." App. 3. The BIA did not address the second eligibility criterion the IJ had found lacking, *i.e.*, Gull's moral character, or the IJ's denial of relief as a discretionary matter.

Gull now petitions for our review.

## II.  DISCUSSION[3]

As a general matter, this Court lacks jurisdiction to review the denial of discretionary relief such as cancellation of removal, 8 U.S.C. § 1252(a)(2)(B), or the factual findings underlying such a denial, *Hernandez-Morales v. Att'y Gen.*, 977 F.3d 247, 249 (3d Cir. 2020) (citing *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017)). Rather, our jurisdiction in this context is limited to reviewing the BIA's determinations of "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D); *Sunawar v. Att'y Gen.*, 989 F.3d 239, 247 (3d Cir. 2021), and even then, "if the Board relies only on some of the grounds given [by the IJ] for denying relief, we review only these grounds."

---

[3] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3).  We have jurisdiction under 8 U.S.C. § 1252(a)(1).

*Myrie*, 855 F.3d at 515.

Here, the three arguments raised by Gull are beyond our jurisdiction.

Gull first contends that the IJ erred in affording so much weight to his 2020 arrests because the charges were all downgraded or dismissed, and the BIA has been "hesitant to give substantial weight to an arrest report, absent a conviction or corroborating evidence of the allegations contained therein." *In re Arreguin de Rodriguez*, 21 I. & N. Dec. 38, 42 (BIA 1995). But this argument is relevant to the issue of Gull's moral character, which the BIA did not reach, so, under *Myrie*, we may not review it either. 855 F.3d at 515.

Gull next takes issue with the IJ's balancing of the equities to determine he did not deserve a favorable exercise of discretion. But his argument that the IJ "failed to engage in the requisite balancing test," Opening Br. at 16, is likewise beyond the scope of our review because, as Gull himself acknowledges, "the BIA did not address the discretionary determination at all, instead reviewing only the hardship determination," *id.* *See Myrie*, 855 F.3d at 515.

Finally, Gull asserts that the IJ "cut off [a] line of inquiry" and "mistaken[ly] [found] that [his] children could not accompany him" to Pakistan, so the BIA's "hardship determination was predicated on flawed fact-finding." Opening Br. at 20–21. While Gull attempts to characterize this argument as applying "an erroneous legal standard," *id.* at 20 (quotation omitted), it is simply a factual argument, *see Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008) (holding that an argument "that the IJ gave 'short shrift to crucial evidence' . . . [or] 'ignored crucial and uncontradicted evidence' . . . do[es] not

4

raise constitutional claims or questions of law"). And as a factual challenge to the IJ's discretionary denial of hardship-based cancellation of removal, this argument is also beyond the scope of our review. 8 U.S.C. § 1252(a)(2)(B); *Hernandez-Morales*, 977 F.3d at 249; *Patel v. Att'y Gen.*, 619 F.3d 230, 232–33 (3d Cir. 2010).

## III.    CONCLUSION

For the foregoing reasons, the petition for review is dismissed.