**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2595
_____

JOSE CRUZ GALARZA-ALVARADO,
                                                                Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision of
the Board of Immigration Appeals
(Agency No. A202-191-639)
Immigration Judge:  Adam Panopoulos
_____

Submitted under Third Circuit L.A.R. 34.1(a)
July 11, 2024
_____

Before: SHWARTZ, PHIPPS, and MONTGOMERY-REEVES, Circuit Judges.

(Filed:  July 12, 2024)
_____

OPINION*
_____

SHWARTZ, Circuit Judge.

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Jose Cruz Galarza-Alvarado seeks review of the order denying his application for an adjustment of status. For the reasons set forth herein, we will deny the petition.

I

Galarza-Alvarado is a native and citizen of Mexico who was admitted to the United States in 2014 on a non-immigrant visitor's visa. In 2023, the Department of Homeland Security ("DHS") detained Galarza-Alvarado after he was charged with possession of a controlled substance and use/possession with intent to use drug paraphernalia. Galarza-Alvarado was charged as removable for overstaying his visa, appeared before an Immigration Judge ("IJ"), conceded removability, denied the allegations related to his criminal charges, and pursued his then-pending adjustment application before the IJ. Although Galarza-Alvarado was statutorily eligible for an adjustment of status, the IJ balanced the equities, including his criminal charges and testimony about them, and concluded that the circumstances did not warrant discretionary relief.[1]

_____

[1] In reaching this conclusion, the IJ found Galarza-Alvarado's testimony about the circumstances of his arrest not credible because it was vague, implausible, designed to hide or minimize his culpability, and resembled a "cover story." AR 68. The IJ then considered his positive and negative equities and determined that, on balance, he did not warrant a favorable exercise of discretion. As to the positive equities, the IJ acknowledged (1) his family ties to several lawful permanent residents and United States citizens, including his wife, and (2) the support he provides to his wife, who suffers from mental illness. The IJ observed, however, that Galarza-Alvarado did not present evidence regarding the hardship his family members would face upon his removal, noting

2

Galarza-Alvarado appealed, the BIA reviewed de novo and affirmed, and this petition for review followed.[2]

II[3]

The Attorney General or his designee, Doyduk v. Att'y Gen., 66 F.4th 132, 136 n.3 (3d Cir. 2023) (citing 8 C.F.R. § 1003.10(a)), may, "in his discretion, and under such

specifically the support his wife has received from other family members since his detention and the absence of documentation about her mental illness. As to the negative equities, the IJ considered Galarza-Alvarado's (1) arrest, the seriousness of the pending criminal charges, and lack of credible testimony about the same; (2) unauthorized work history; (3) lack of property ties in the United States; and (4) failure to file income taxes.

[2] The BIA relied on the IJ's fact finding and reviewed the legal question—i.e., whether to exercise its discretion to grant an adjustment of status—de novo. In conducting its own balancing of the equities, the BIA acknowledged that Galarza-Alvarado had positive factors in his favor—including that (1) he has family members who are lawful permanent residents and a wife who is a United States citizen; and (2) his wife suffers from mental health issues— but those positive factors were outweighed by the negative factors, including his (1) arrest and pending criminal charges, and the circumstances surrounding such arrest; (2) failure to file income taxes; (3) lack of property ties; and (4) unauthorized employment in the United States.

The BIA acknowledged that the IJ may have erred in viewing Galarza-Alvarado's pending criminal charges as a "significant negative adverse factor," but held that such "error is not a basis for sustaining the appeal," AR 4, because (1) "[i]t is well settled that an arrest report may be relied on as a negative factor," AR 4 (citing Doyduk v. Att'y Gen., 66 F.4th 132, 137 (3d Cir. 2023) (citing Matter of Arreguin, 21 I. & N. Dec. 38, 42-43 (BIA 1995))); Matter of Thomas, 21 I. & N. Dec. 2 (BIA 1995)); and (2) based on the BIA's de novo review it "conclu[ded] that [Galarza-Alvarado] does not warrant adjustment of status as a matter of discretion," AR 4. Lastly, the BIA held that Galarza-Alvarado failed to establish a due process violation.

[3] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review questions of law de novo, Myrie v. Att'y Gen., 855 F.3d 509, 515 (3d Cir. 2017), but otherwise lack jurisdiction to review "any judgment regarding the granting of relief" of status adjustments, 8 U.S.C. § 1252(a)(2)(B)(i), including "review of factual findings that underlie a denial of relief," Doyduk, 66 F.4th at 135 n.1 (quoting Patel v. Garland, 596 U.S. 328, 331 (2022)). Here,

3

regulations[,]" adjust the status of a noncitizen. 8 U.S.C. § 1255(a).[4] "'Neither the language of the statute nor the relevant regulations establish criteria by which to weigh applications for discretionary relief,' nor do they specify the types of evidence an IJ may consider." Doyduk, 66 F.4th at 136 (quoting Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994)). The BIA and our precedent, however, provide guidance on both. More specifically, a court can consider particular adverse factors, such as "the existence of a criminal record and, [] its nature, recency, and seriousness, and the presence of other evidence indicative of a [petitioner's] bad character or undesirability as a permanent resident of this country," Matter of Marin, 16 I. & N. Dec. 581, 584 (BIA 1978), and favorable factors, such as "family ties within the United States . . ., evidence of hardship to the [petitioner and his] family if [removal] occurs, . . . a history of employment, [and] the existence of property or business ties," id.; cf. Doyduk, 66 F.4th at 137 (noting that under Matter of Arreguin, 21 I. & N. Dec. 38, 42-43 (BIA 1995), immigration judges

we are asked to review whether the District Court erred as a matter of law in its consideration of Petitioner's arrest, which is an issue over which we have jurisdiction. The Supreme Court's recent decision in Wilkinson v. Garland, 601 U.S. 209 (2024) does not change this conclusion.

[4] Section 1255(a) of Title 8 of the United States Code provides that the Attorney General has the discretion to adjust the status of a noncitizen if he has applied for such relief and "is eligible to receive an immigrant visa and is admissible to the United States for permanent residence and . . . an immigrant visa is immediately available to him at the time his application is filed."

may consider, but should be hesitant to credit with "substantial weight" uncorroborated arrest reports in an equitable balancing analysis).

Here, Galarza-Alvarado argues that the BIA erred in affirming the IJ's ruling because the IJ improperly weighed his drug arrest. This argument, however, incorrectly describes what the BIA did. Although the BIA affirmed the IJ's removal ultimate ruling denying relief, it did so based on its own de novo review.[5] Because the BIA issued a reasoned decision, we review its decision, not the IJ's. Iredia v. Att'y Gen. of U.S., 25 F.4th 193, 194 n.1 (3d Cir. 2022) (citation omitted).

A review of the BIA's decision shows that, in weighing the equities, it examined the criminal complaint against Galarza-Alvarado in a manner consistent with our precedent about arrest reports, see AR 4 (considering the arrest, its surrounding circumstances, and the pending criminal charges—brought pursuant to a sworn summons and complaint—as one of many negative factors); see also supra n.2. The BIA did not consider the charges in isolation, but rather also considered Petitioner's description of the events and the IJ's fact-finding regarding Petitioner's credibility. Furthermore, and importantly, unlike an arrest report, the contents of the criminal complaint were sworn to under oath, and therefore in this instance is entitled to more weight. Cf. Doyduk, 66 F.4th

---

[5] Indeed, as noted above, see supra n.2, the BIA acknowledged the IJ's error in affording significant weight to the pending criminal charges, and concluded that "[i]n light of [its] de novo review and conclusion that [Galarza-Alvarado] does not warrant adjustment of status as a matter of discretion," such "error [wa]s not a basis for sustaining the appeal." AR 4.

at 137.  Thus, the BIA committed no legal error by considering the pending criminal charges.[6]

III

For these reasons, we will deny the petition for review.

---

[6] Petitioner's argument that the IJ (and in turn, the BIA in affirming the IJ) violated his due process rights by improperly weighing his arrest fails for the same reasons.  Cf. Hernandez-Morales v. Att'y Gen., 977 F.3d 247, 249 (3d Cir. 2020) (holding a petitioner "may not dress up a claim with legal clothing to invoke this Court's jurisdiction") (internal quotation marks omitted)).  Additionally, Petitioner's argument that the IJ erred in applying a hardship standard, lacks merit because (1) the IJ's decision is not the one we are tasked to review given that the BIA did not adopt it, Iredia, 25 F.4th at 194 n.1; and (2) the BIA properly weighed the equities without applying such a hardship standard and so the IJ's purported use of such a standard did not impact the outcome here.