NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-3103

_____

RASHAR BRANDON WILLIAMS,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A207-667-018)
Immigration Judge Tamar H. Wilson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 21, 2025
Before:  HARDIMAN, MATEY, and CHUNG, Circuit Judges

(Opinion filed: July 25, 2025)

_____

OPINION*

_____

PER CURIAM

    Rashar Brandon Williams, a Jamaican citizen, married a United States citizen and,

in 2015, was granted permanent-resident status on a conditional basis pursuant to 8

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

U.S.C. § 1186a(a)(1). His permanent resident status was terminated two years later because Williams and his spouse did not file the requisite joint petition to remove the conditions on his residence under § 1186a(c)(1)(A). As a result, Williams was charged with removability. See 8 U.S.C. § 1227(a)(1)(D)(i). Williams then requested that the requirement for the filing of a joint petition be waived under § 1186a(c)(4)(B), which permits the Attorney General to waive the requirement as a matter of discretion if the marriage was entered into in good faith but subsequently terminated through divorce or annulment. United States Citizenship and Immigration Services (USCIS) denied the petition. In Immigration Court, Williams renewed his request for a good-faith marriage waiver. Following a hearing, the Immigration Judge (IJ) denied the request solely in the exercise of discretion.[1] Upon de novo review, the BIA likewise concluded that Williams did not merit a good-faith marriage waiver and dismissed the appeal. Williams petitioned for review.

Williams raises two issues in his brief, both of which relate to drug-trafficking and firearms charges that were pending against him in Massachusetts at the time of the agency hearings. First, he contends that the agency erred by initiating removal proceedings against him before his criminal charges were resolved. Williams cites no

---

[1] Williams also applied for withholding of removal and protection under the Convention against Torture (CAT). The IJ denied relief, and the Board of Immigration Appeals (BIA) dismissed the appeal. Williams does not challenge these rulings in his opening brief. Therefore, they are forfeited. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

authority for this contention, and we generally lack jurisdiction to review the agency's decision to commence removal proceedings. See 8 U.S.C. § 1252(g).

Second, Williams contends that the agency erred by considering the non-final criminal charges in weighing the equities as to his waiver request. To the extent that Williams is challenging the weight the agency attached to the police report, we lack jurisdiction to review its exercise of discretion. See 8 U.S.C. § 1252(a)(2)(B)(ii); Urena–Tavarez v. Ashcroft, 367 F.3d 154, 161 (3d Cir. 2004). To the extent that Williams's argument can be construed as raising a question of law, we have jurisdiction to consider it, see 8 U.S.C. § 1252(a)(2)(D), but we conclude that it is meritless. Consistent with agency precedent, the BIA gave "little weight" to the uncorroborated, non-final criminal charges. See In re Arreguin De Rodriguez, 21 I. & N. Dec. 38, 42 (BIA 1995) (holding that that arrest reports are entitled to "little weight" "absent a conviction or corroborating evidence of the allegations contained therein").

For these reasons, we will dismiss in part and deny in part the petition for review.

3