

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2007

# Forteau v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2326

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Forteau v. Atty Gen USA" (2007). *2007 Decisions.* Paper 711.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/711

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2326
_____

LENROY BRIAN FORTEAU,
a/k/a Brian Forteau,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A35 217 847)
Immigration Judge:  Honorable Andrew R. Arthur
_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 9, 2007

Before:  MCKEE, GARTH AND NYGAARD, CIRCUIT JUDGES

(Filed  July 20, 2007)
_____

OPINION
_____

PER CURIAM

Lenroy Forteau petitions for review of the decision by the Board of Immigration Appeals ("BIA") denying him cancellation of removal and ordering him removed to Grenada. For the foregoing reasons we will grant the petition.

Forteau, a citizen of Grenada, arrived in the United States as a lawful permanent resident more than 27 years ago. Until these proceedings he lived in New York City. In 2000, Forteau pleaded guilty to endangering the welfare of a minor. He was sentenced to three years' probation. In 2006, Forteau was arrested and pleaded guilty to disorderly conduct, for which he was sentenced to time served, 15 days' incarceration.

Upon his release he was taken into immigration custody and charged as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an aggravated felon and under § 1227(a)(2)(E)(I) as having been convicted of a crime of domestic violence, stalking, or child abuse, neglect, or abandonment. The Government eventually withdrew the aggravated felony charge. At a hearing in front of an immigration judge ("IJ"), Forteau conceded removability and applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(a).[1]

_____

[1] § 1229b(a) reads:
    Cancellation of removal for certain permanent residents

    The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien--

    (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
    (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
    (3) has not been convicted of any aggravated felony.

2

The IJ credited Forteau's testimony about his convictions and granted him cancellation of removal under 8 U.S.C. § 1229b(a). The Government appealed to the BIA. The BIA sustained the Government's appeal and reversed the grant of cancellation of removal.

Forteau, acting pro se, filed this petition for review and motion for a stay of removal. We granted the stay and issued an order to show cause why the petition for review should not be granted and the matter remanded to the BIA. Because the BIA used the wrong standard of review to overturn the IJ's decision, in accordance with Third Circuit L.A.R. 27.4 and I.O.P. 10.6, we will grant the petition, vacate the BIA's decision, and remand for further proceedings.

I.

The Government has moved to dismiss this petition for review for lack of jurisdiction. The Government argues that, under 8 U.S.C. § 1252(a)(2)(B), this Court does not have jurisdiction to review the BIA's order. Under 8 U.S.C. § 1252(a)(2)(B)(I) courts are stripped of jurisdiction to review "any judgment regarding granting relief under [§ 1229b]." We have previously held that § 1252(a)(2)(B)(I) only deprives courts of jurisdiction to review the BIA's exercise of discretion regarding its decision to deny cancellation of removal. Menendez-Morachel v. Ashcroft, 338 F.3d 176, 178 (3d Cir. 2003)(holding that courts lack jurisdiction to review the BIA's determination that an alien failed to satisfy the "exceptional and extremely unusual hardship" requirement for cancellation of removal because the hardship determination is discretionary.) This Court retains jurisdiction to review non-discretionary aspects relating to a decision denying

3

cancellation of removal.  <u>Mendez-Reyes v. Att'y Gen.</u>, 428 F.3d 187, 189 (3d Cir. 2005)(reviewing whether voluntary departure constitutes a break in continual physical presence making petitioner ineligible for cancellation of removal).  Further, under the Real ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231, our jurisdiction has been expanded to consider "constitutional claims or questions of law raised upon a petition for review" notwithstanding the jurisdictional limitations of § 1252(a)(2)(B).  8 U.S.C. § 1252(a)(2)(D); <u>Papageorgiou v. Gonzales</u>, 413 F.3d 356, 357-58 (3d Cir.2005).  Thus, we have jurisdiction to review any issues of law relating to the non-discretionary aspects of the BIA's decision.

II.

Prior to 2002, the BIA reviewed IJs' factual findings de novo and could engage in its own independent fact-finding.  <u>See</u> <u>Wang v. Ashcroft</u>, 368 F.3d 347, 349 (3d Cir. 2004).  However, for appeals filed after September 25, 2002, 8 C.F.R. § 1003.1(d)(3)(I) and (iv) apply.  <u>See</u> <u>Chavarria v. Gonzalez</u>, 446 F.3d 508, 516 (3d Cir.).  Under § 1003.1(d)(3)(I), the BIA must defer to the IJ's factual findings, and may only come to a contrary conclusion after reviewing the IJ's findings and concluding that they are clearly erroneous.[2]  <u>See</u> <u>Fen Yong Chen v. Bureau of Citizenship & Immigration Servs.</u>, 470 F.3d

---

[2] § 2003.1(d)(I) states:
> The Board will not engage in de novo review of findings of fact determined by an immigration judge. Facts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous.

509, 514 (2d Cir.2006).  Further, under § 1003.1(d)(3)(iv), the BIA is prohibited from

engaging in its own independent factfinding.[3]  See Filja v. Gonzales, 447 F3d 241, 253

(3d Cir. 2006).

The requirements of § 1003.1(d)(3)(I) and (iv), that the BIA defer to the IJ's

factual findings and not engage in independent factfinding, are non-discretionary aspects

of the decision whether to grant or deny cancellation of removal.  See e.g. In re Mustafaj,

2006 WL 3088896 at *1 (BIA).  Thus, we have jurisdiction to inquire whether the BIA

conformed with its own regulations in reviewing Forteau's grant of cancellation of

removal.  We find that it did not

Instead of deferring to the IJ's factual findings in this case, the BIA substituted its

own factual findings before weighing the equities to determine whether to grant Forteau

cancellation of removal.  The criminal complaint in Forteau's conviction alleged that

Forteau had sexual intercourse with the sixteen-year-old sister of a friend of his.

However, at the hearing, Forteau testified that he never engaged in sexual intercourse

with the sister; he claimed that he only fondled her breast.  The IJ credited Forteau's

testimony regarding the events that led to his conviction, (IJ Op. at 9.), and the BIA

---

[3]§ 1003.1(d)(3)(iv) states:
Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals.

5

indicated nothing in the record which contradicted his story. The IJ also found that Forteau had exhibited genuine remorse for his actions. (IJ Op. at 7.)

The BIA simply ignored these findings and replaced them with its own version of the facts. When the BIA examined the conviction it quoted the section from the criminal complaint alleging that Forteau had sexual intercourse with a minor and did not acknowledge that the IJ found to the contrary. (BIA Op. at 2.) The BIA also noted, without mentioning the IJ's opposite conclusion, that "[i]t is also questionable as to whether the respondent exhibited remorse for or rehabilitation from his crimes during the proceeding below because the respondent tried to explain away his actions." Id.

Because the BIA did not defer to the IJ's factual findings and review them for clear error, and because the BIA engaged in its own independent factfinding, we conclude that this petition fo review presents no substantial question. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6. Accordingly, we will summarily grant the petition for review and remand for further proceedings. The Clerk will locate counsel willing to represent Petitioner, if Petitioner so desires.