NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2962
_____


LENROY BRIAN FORTEAU,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE  UNITED STATES,
                                        Respondent
_____
_

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA No. A35-217-847
Immigration Judge:  Andrew R. Arthur


_____


Argued May 26, 2010

Before: McKEE, Chief Judge,
RENDELL and GARTH, Circuit Judges.

(Filed: June 4, 2010)

Steven A. Morley, Esq.    [ARGUED]
Morley, Surin & Griffin
325 Chestnut Street, Suite 1305-P
Philadelphia, Pa  19106
    *Counsel for Petitioner*
    *Lenroy Brian Forteau*


Nancy E. Friedman, Esq.    [ARGUED]
Richard M. Evans, Esq.
Andrew J. Oliveira, Esq.
U.S. Department of Justice
Office of Immigration Litigation
Civil Division
P. O. Box 878
Ben Franklin station
Washington, DC   20044
    *Counsel for Respondent*
    *Attorney General of the United States*

_____

OPINION OF THE COURT
_____


RENDELL, Circuit Judge.

Lenroy Brian Forteau petitions for review of the Board of Immigration Appeals' ("BIA") ruling vacating the Immigration Judge's ruling that Forteau was eligible for cancellation of removal, sustaining the Department of Homeland Security's ("DHS") appeal, and ordering Forteau removed to Grenada.  Forteau claims that he was denied his

2

right to counsel in front of the BIA.  We agree, will grant Forteau's petition for review, and will remand this case to the BIA for further proceedings.

**BACKGROUND:**

On March 9, 1979, at age 19,  Forteau, a citizen of Grenada, entered the United States as a lawful permanent resident.  Twenty-seven years later, on September 29, 2006, the Immigration Judge found Forteau subject to removal for a conviction involving child abuse, neglect or abandonment.[1]  However, two months later the Immigration Judge found Forteau eligible for cancellation of removal as a lawful permanent resident pursuant to § 240A(a) of the Immigration and Nationality Act.  DHS appealed that decision and on April 10, 2007, the BIA sustained the DHS' appeal, vacated the Immigration Judge's order, and ordered Forteau removed to Grenada.  Shortly thereafter, Forteau filed a *pro se* appeal.  On July 20, 2007, we remanded the case to the BIA because the BIA engaged in independent fact finding and did not review the Immigration Judge's factual findings for clear error.  We also appointed counsel for Forteau, stating, "[t]he clerk will locate counsel willing to represent Petitioner, if Petitioner so desires." *Forteau v. Att'y Gen.*, 240 Fed. Appx. 531, 534 (3d Cir. 2007).

On August 8, 2007, we entered an order stating that Forteau had accepted the appointed counsel, Steven Morley.  On September 12, 2007, Forteau wrote to the BIA

---

[1] In 2000, Forteau was convicted of endangering the welfare of a child.  In 2006, he was convicted of disorderly conduct for stalking.

inquiring as to the status of his case. Morley entered his appearance with the BIA on September 19, 2007. On September 24, 2007, the BIA responded to Forteau's letter and stated that his case was still pending. On June 10, 2008, Morley re-entered his appearance and requested that the BIA expedite issuance of the hearing transcript and a briefing schedule. A week after this request, the BIA issued a decision ordering Forteau removed to Grenada. The BIA's decision on remand, reviewing for clear error, concluded that the Immigration Judge had not clearly erred in his factual findings regarding Forteau's testimony, but the BIA again disagreed with the Immigration Judge's ruling. The BIA noted that Forteau had lived in the United States since 1979, that he has family in the U.S. and that he had a solid employment record. However, the BIA found that these positive equities were outweighed by Forteau's two criminal convictions and the fact that he had only sporadically filed federal tax returns.[2] In this decision, the BIA did

---

[2] The complaint underlying Forteau's conviction for endangering the welfare of a child stated that he had intercourse with a 16 year-old, but Forteau testified in front of the Immigration Judge that he had only fondled her breast. The BIA wrote:

> We find that, even crediting the respondent's testimony with regard to his 2000 conviction [endangering the welfare of a child], the adverse equities warrant a discretionary denial of the respondent's application because the negative equities in this case outweigh the individual or cumulative effects of the positive equities . . . . Taken together, we find that the negative equities in the case at bar outweigh the positive ones either individually or cumulatively and that the Immigration Judge should have denied the respondent's application.

App. 4.

4

not mention counsel and noted that Forteau's *pro se* reply brief to DHS's appeal was "not responsive." App. 3.

On June 30, 2008, Forteau filed a Petition for Review with this Court. On August 21, 2008, we issued an order staying Forteau's removal, but he was nevertheless removed to Grenada that same day.[3] On September 16, 2008 we ordered that Forteau be returned to the United States. He was returned on June 25, 2009 and placed in ICE custody in Lackawanna County Prison.

**DISCUSSION:**

Forteau contends that the BIA violated his right to counsel and his right to due process and that he was prejudiced by these violations. Forteau points out that not only did the BIA issue a decision without any input from appointed counsel, but it ignored our clear intent and directive that Forteau have counsel to present his case on remand in proceedings before the BIA if he wished to be represented. We have jurisdiction to review Forteau's claim under 8 U.S.C. § 1252(b)(2).

An alien has a statutory right to counsel for proceedings in front of the BIA under 8 U.S.C. § 1362, and a constitutional right to counsel based on the Fifth Amendment's guarantee of due process of law. *Ponce-Leiva v. Ashcroft*, 331 F.3d 369, 374 (3d Cir. 2003); *see also Borges v. Gonzales*, 402 F.3d 398, 408 (3d Cir. 2005). A mere "inability

---

[3] At oral argument the government informed us that this was due to a miscommunication.

5

to obtain" counsel, or poor lawyering, does not violate a petitioner's right to counsel. *Ponce-Leiva,* 331 F.3d at 376. However, we have held that the right to counsel was violated, for example, where petitioner's counsel was not given notice of petitioner's deportation hearing and the immigration judge proceeded with the hearing despite petitioner's requests to consult with his attorney. *Chlomos v. United States Dept. of Justice*, 516 F.2d 310, 313-14 (3d Cir. 1975); s*ee also Castaneda-Delgado v. INS*, 525 F.2d 1295 (7th Cir. 1975) (holding that the right to counsel was violated where an immigration judge denied a continuance request without justification and forced petitioners to proceed without representation).

An alien's right to counsel is violated where there is "undue curtailment of the privilege of representation." *Chlomos*, 516 F.2d at 311. The curtailment here was certainly undue, as the BIA states no reason for issuing its decision without allowing Forteau's counsel to participate in the proceedings. The BIA not only ignored our order appointing counsel, but also ignored Forteau's counsel's request for a briefing schedule. When we appoint counsel we expect the BIA to hear from counsel before ruling. Because Forteau's counsel was prevented from representing Forteau in any meaningful way, despite requesting the opportunity to do so, the BIA violated Forteau's right to counsel.[4]

---

[4] The approximately ten month time period between when counsel first entered his appearance and when counsel requested a briefing schedule does not alter this conclusion. It is not unreasonable that counsel would expect the BIA to set a briefing schedule in this case after remand, particularly because we appointed counsel. Furthermore, counsel

(continued...)

6

Forteau was prejudiced by the denial of his right to counsel. His counsel was unable to present to the BIA all of the positive facts and factors that should have been weighed in Forteau's favor. For example, Forteau's counsel states that he would have pointed out that long residence in the United States beginning at a young age can, on its own, establish outstanding and unusual equities. *See Matter of Arreguin*, 21 I&N Dec. 38 (BIA 1995). Forteau's counsel would have emphasized that Forteau has lived in the United States for almost 30 years and obtained a degree in business administration from the University of California. Additionally, counsel would have told the BIA that Forteau is a disciplined marathon runner who has been steadily employed while in the United States, mostly in retail sporting goods stores.

Furthermore, Forteau's counsel states that the BIA failed to consider the hardship resulting from family separation. The BIA must give sufficient consideration to family hardship. *Tipu v. INS*, 20 F.3d 580, 583 (3d Cir. 1994). The BIA noted that Forteau has three brothers (he actually has 4 brothers), two sisters, and several nieces and nephews who live in the United States and with whom he has regular contact. However, the BIA seemed to discount these relationships, noting that Forteau is not married, has no children, and provides no financial support to any family members. The BIA did not specifically address the hardship that Forteau or his six siblings, eight nieces, and three nephews

---

[4](...continued)
requested a briefing schedule before the BIA issued its decision. We find the Attorney General's reliance on the BIA practice manual to be unpersuasive.

7

would experience from being separated. The participation of Forteau's counsel may well have better highlighted these factors.

Forteau's counsel also would have argued to the BIA that there are numerous mitigating factors surrounding Forteau's criminal history, on which the Immigration Judge relied. Specifically, Morley would have pointed out that the convictions are relatively old and not serious, and that Forteau's criminal record as a whole is minor.

Lastly, Forteau's counsel would have attempted to persuade the BIA of the great hardship that Forteau personally would suffer if removed to a country that he left as a child and that he has only visited once for a wedding many years ago. The BIA did not address this hardship.

As the government points out, we lack jurisdiction to review the BIA's discretionary determinations. *See Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 178-79 (3d Cir. 2003). Therefore, it is imperative that a petitioner receive the benefit of counsel before the BIA because this is the only opportunity a petitioner has to present argument regarding the weighing of the equities. Our ability to review the BIA's decision is very limited. The BIA did not refer to several of the positive aspects of Forteau's life, and counsel may have been able to persuade the BIA. Accordingly, Forteau was prejudiced by the denial of his right to counsel. Therefore, we will grant Forteau's petition for review, vacate the BIA's order, and remand this case to the BIA. On remand, the BIA

shall issue a briefing schedule and provide Forteau's appointed counsel the opportunity to

brief the merits of his case before issuing a decision.