IMG-069                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 10-1121

———————

MAGGARETTE PALMER,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A044-134-711)
Immigration Judge:  Honorable Walter A. Durling

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 16, 2011
Before:  BARRY, HARDIMAN and STAPLETON, Circuit Judges

(Opinion filed: March 21, 2011)

———————

OPINION

———————

PER CURIAM

Maggarette Palmer petitions for review of an order of the Board of Immigration

Appeals ("BIA") vacating the Immigration Judge's ("IJ") grant of cancellation of

removal and ordering his removal from the United States.  We will deny the petition for

1

review in part and dismiss it in part.

Because the parties are familiar with the background, we will present it here only briefly. Palmer is a native and citizen of Jamaica. In 1993, as a minor, he was admitted to the United States as a lawful permanent resident. In 2004, he was convicted in Pennsylvania state court of possession of marijuana with intent to distribute. In February 2009, Palmer was charged as being removable as an alien convicted of a controlled substance offense (8 U.S.C. § 1227(a)(2)(B)(i)) and as an alien convicted of an aggravated felony (8 U.S.C. § 1227(a)(2)(A)(iii)). Palmer denied the aggravated felony charge but conceded the other allegations. He applied for cancellation of removal under section 240A(a) of the Immigration and Nationality Act ("INA") (8 U.S.C. § 1229b(a)). On April 9, 2009, the IJ ruled that Palmer's state marijuana offense did not support the aggravated felony removal charge, and accordingly, Palmer was not statutorily barred from seeking section 240A(a) cancellation relief. Palmer testified at his merits hearing before the IJ, and he submitted documentary evidence and letters of support. He also presented the testimony of his live-in girlfriend, with whom he has two children who are United Stats citizens.

On August 28, 2009, the IJ granted Palmer's application for cancellation of removal. The IJ noted that Palmer's conduct justified the denial of his application, but the application was granted for the sake of Palmer's young children and keeping the family united. The government appealed to the BIA, which sustained the appeal. In its December 14, 2009 decision, the BIA recited its standard of review, citing 8 C.F.R. §

2

1003.1(d)(3)(i)-(ii), noting that it would review the IJ's factual findings for clear error and all other issues de novo. The BIA did not address the issue of Palmer's statutory eligibility for cancellation of removal, because it determined that, even assuming that his eligibility was established, Palmer did not merit cancellation relief. In so concluding, the BIA noted the positive equities in Palmer's case, namely, his close family ties in the United States, his many years of residence, his active role in parenting his young children, the financial support he provides to his girlfriend and children, and the emotional impact on his family. However, the BIA determined that the negative factors in his case outweighed the positive ones. The BIA summarized Palmer's criminal record, which shows a pattern of repeated drug-related arrests. In addition to the 2004 marijuana conviction, the BIA noted a 2003 arrest for marijuana possession with intent to deliver, and a 206 arrest in Georgia. In the Georgia incident, the car in which Palmer was a passenger was pulled over by police; marijuana was discovered in Palmer's trousers, and he provided the police with false identification. The BIA also noted a 2009 arrest in Pennsylvania during which Palmer provided the police with the same alias he used in Georgia. Further, the BIA stated that, although Palmer expressed remorse for his actions, there was little evidence of genuine rehabilitation. The BIA concluded that Palmer's "lengthy criminal history, the seriousness of his drug conviction, and the lack of rehabilitation outweigh the positive factors regarding the exercise of discretion." A.R. 5. The BIA denied Palmer's application for cancellation of removal, vacated the IJ's grant of cancellation of removal, and ordered Palmer's removal to Jamaica. This petition for

3

review followed.

The government has filed a motion to dismiss the petition for review for lack of jurisdiction. As the government argues in its brief, we generally lack jurisdiction to review the agency's discretionary decisions made under 8 U.S.C. § 1229b regarding cancellation of removal. See 8 U.S.C. § 1252(a)(2)(B)(i); Mendez-Reyes v. Att'y Gen., 428 F.3d 187, 189 (3d Cir. 2005). However, we retain jurisdiction to review constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(D); Mendez-Reyes, 428 F.3d at 189. Palmer argues that the BIA committed legal error in reaching its decision, specifically, that the BIA applied an incorrect legal standard, engaged in impermissible fact findings, and failed to consider all of the relevant evidence. Palmer also argues that the manner in which the BIA reached its decision deprived him of due process of law. We have jurisdiction to review these arguments.

In arguing that the BIA misapplied established legal standards and precedents in its decision to deny cancellation of removal, Palmer argues that the BIA viewed Palmer's drug conviction as a "serious" drug offense, inappropriately relying on Matter of Burbano, 20 I. & N. Dec. 872, 877 n.4 (BIA 1994). Specifically, Palmer points to the BIA's statement in Burbano that it had viewed a "serious" drug offense as a drug trafficking crime that constitutes an aggravated felony under the INA. Palmer argues that the BIA should not have relied on Burbano because he was not convicted of an aggravated felony, and the BIA should not have determined that the "seriousness" of his drug conviction warranted reversal of the grant of cancellation of removal. Although the

4

BIA's citation to <u>Burbano</u> does relate to "serious drug offenders," the idea expressed in the BIA's reference is the general proposition that those offenders face a difficult task in showing that they merit discretionary relief. (A.R. 3.) That idea was expressed in <u>Burbano</u> within the context of the BIA's re-emphasis of its practice to balance the positive and negative factors when making a determination regarding discretionary relief. <u>See</u> <u>Burbano</u> 20 I. & N. Dec. at 878-79 (discussing former INA § 212). It is plain that the BIA did not treat Palmer's drug conviction as an aggravated felony. An aggravated felony finding would have statutorily precluded cancellation of removal relief, <u>see</u> 8 U.S.C. § 1229b(a)(3), but the BIA bypassed the question of Palmer's statutory eligibility for cancellation relief and instead assumed that Palmer was eligible. Ultimately, the BIA concluded that Palmer did not merit cancellation relief, and we are not persuaded that the BIA applied an improper legal standard by its reference to <u>Burbano</u>.[1]

Palmer also argues that the BIA engaged in impermissible fact finding when it concluded that there was a lack of genuine rehabilitation in his case. Under 8 C.F.R. § 1003.1(d)93)(i), the BIA must defer to the IJ's factual findings unless it concludes that the IJ's findings are clearly erroneous. Further, under § 1003.1(d)(3)(iv), the BIA is prohibited from engaging in its own independent fact finding. Palmer relies on our decisions in <u>Kaplun v. Att'y Gen.</u>, 602 F.3d 260 (3d Cir. 2010), and <u>Fortreau v. Att'y</u>

---

[1] To the extent that Palmer argues that the BIA should have accorded less weight to his conviction because it was not "serious," this challenge concerns the BIA's exercise of its discretion in considering the equities presented in Palmer's case. As noted above, we lack jurisdiction to review this issue.

5

<u>Gen.</u>, 240 Fed. Appx. 531 (3d Cir. 2007) (not precedential), in which we discussed the BIA's standard of review and found, in both cases, that the BIA impermissibly conducted de novo fact finding and overturned the IJ's factual findings without reviewing the findings for clear error. Palmer asserts that the BIA did not deem any facts found by the IJ to be clearly erroneous, and so the BIA's conclusion concerning the absence of genuine rehabilitation constitutes improper fact finding.

We are not persuaded by Palmer's argument. The BIA did not disagree with the IJ on this issue and did not ignore or contradict any facts found by the IJ. Indeed, the BIA echoed the IJ's own discussion on the topic, from the same details of Palmer's criminal history that includes several arrests involving marijuana and at least two instances of providing false identification to the police. The IJ found that Palmer continued to use marijuana for years, despite his arrests and convictions relating to marijuana, and that Palmer had pending criminal charges against him. Although the IJ noted that Palmer "sincerely expressed his remorse for his conduct" in pleading for a final chance, the IJ's comment was that "this court has little sympathy for him, given his criminal record." (A.R. 98.) In fact, far from making a finding that the evidence showed genuine rehabilitation, the IJ stated that Palmer's conduct justified the denial of his application for cancellation relief. (A.R. 99.) The IJ emphasized that the facts of record would not have been sufficient for the IJ's favorable ruling absent the equities concerning the Palmer's young children. (<u>Id.</u>) Unlike in <u>Kaplun</u> and <u>Fortreau</u>, the BIA in this case did not overturn a factual finding by the IJ. Rather, the BIA's decision reflects that the BIA

6

determined that a favorable exercise of discretion was not warranted when the positive factors in Palmer's case were balanced against the negative factors. We discern no error here.

In addition, Palmer argues that the BIA departed from the legal standard of Matter of Arreguin, 21 I. & N. Dec. 38 (BIA 1995), in considering only Palmer's criminal history without considering positive aspects of Palmer's life to reach the conclusion that there was a lack of rehabilitation. In particular, Palmer points to his presence in the United States under lawful permanent resident status since he was a minor, his strong family ties to the United States and the impact on his family if he were removed, and his employment history and business property. Yet the BIA did acknowledge each of these positive factors, as noted above. Although Palmer argues that the BIA completely failed to consider his employment history and business property, and he notes his girlfriend's testimony that her daycare was at risk of failing without Palmer's involvement as the supervisor of outdoor activities, the BIA's decision acknowledges the financial impact that Palmer's removal would have on his family. To the extent that Palmer argues that the BIA incorrectly weighed the evidence because more weight should have been given to the positive factors over the other factors, we reiterate that we lack jurisdiction to consider the BIA's exercise of discretion.

Accordingly, we will deny the petition for review in part, and dismiss it in part for lack of jurisdiction. The government's motion to dismiss is granted in part and denied in part.

7