**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2595
_____

MARK ANTHONY SMALLING,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A038-205-191)
Immigration Judge:  Honorable Frederic Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2011

Before:  RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 20, 2011)
_____

OPINION
_____

PER CURIAM

Mark Anthony Smalling, a citizen of Jamaica, was charged by the Department of

1

Homeland Security as removable after his 1996 conviction for the sexual assault of a child. See Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)]. That conviction resulted from Smalling's repeated sexual contact with his then-15-year-old stepdaughter. Smalling conceded removability and applied for a waiver of removal under former INA § 212(c) [8 U.S.C. § 1182(c)]. In December 2009, the Immigration Judge ("IJ") concluded that he was statutorily eligible for § 212(c) relief, but denied his application as a matter of discretion because the adverse factors— the serious nature of his crime—outweighed the many positive factors Smalling presented. In March 2010, the Board of Immigration Appeals ("BIA") affirmed. The following month, Smalling filed a motion to reconsider which was denied by the Board on May 24, 2010. Smalling filed the instant petition for review on June 4, 2010.

Although Smalling timely petitioned for review from reconsideration, we agree with the Government that we lack jurisdiction to review the original final order of removal because his petition for review, filed 70 days after the BIA's March 2010 affirmance, was untimely as to that order. See 8 U.S.C. § 1252(b)(1) (providing for 30-day deadline in which to file petition for review); Stone v. INS, 514 U.S. 386, 395, 115 S. Ct. 1537, 131 L. Ed. 2d 465 (1995).

Our jurisdiction is further limited under INA § 242(a)(2)(C) [18 U.S.C. 1252(a)(2)(C)] as Smalling was convicted of an aggravated felony. See Leslie v. Att'y Gen., 611 F.3d 171, 174 (3d Cir. 2010). Additionally, our jurisdiction does not extend to the discretionary decisions of the BIA, including the denial of relief pursuant to § 212(c).

2

See § 242(a)(2)(B) [8 U.S.C. § 1252(a)(2)(B)]; Liang v. INS, 206 F.3d 308, 311-12 & n.3 (3d Cir. 2000).  As a result, our jurisdiction is limited to constitutional issues and questions of law.  See § 242(a)(2)(C); Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005).  We review the BIA's denial of reconsideration for abuse of discretion only. See Borges v. Gonzales, 402 F. 3d 398, 404 ( 3d Cir. 2005).

Smalling contends that the BIA erred by concluding that he did not present "truly exceptional circumstances" necessary to overcome the adverse factor presented by the incredibly serious nature of his offense and therefore denying him relief.[1]  The BIA further held that "even if he demonstrated unusual or outstanding equities such a showing does not compel a favorable exercise of discretion."  A.R. 2.  Smalling argues that the equities he presented were so positive that any denial of relief must constitute a "*de facto* heightening of the discretionary test" and therefore a mistake of law.  We lack jurisdiction over such a claim, as he is essentially asking us to we re-weigh the factors presented in his claim and hold that the BIA *must* grant relief when presented with equities as positive as his own.  See § 242(a)(2)(B) [8 U.S.C. § 1252(a)(2)(B)]; Liang,

---

[1] Smalling additionally argues that the BIA improperly applied the threshold test announced in Matter of Buscemi, 19 I. & N. Dec. 628 (BIA 1988), which required the a showing of "unusual or outstanding equities," and was subsequently repudiated in Matter of Edwards, 20 I. & N. Dec. 191 (BIA 1990).  See Petitioner's Brief at 10.  He has, however, conceded that "he committed a serious offense *that requires a showing of unusual and outstanding equities*."  Id. at 12 (emphasis added).  In any event, this claim was not raised in Smalling's motion to reconsider.  INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]; Hoxha v. Holder, 559 F.3d 157, 159 & n.3 (3d Cir. 2009).  As our jurisdiction is limited to review of that motion, we lack jurisdiction over this claim.  See 8 U.S.C. § 1252(b)(1); Stone, 514 U.S. at 395.

206 F.3d at 311-12 & n.3.

Smalling next claims that the Board erred in denying reconsideration in response to his argument that the Board's original decision failed to show that it had "recognized the Petitioner's substantial equities." He argued on reconsideration that the Board's original decision suggested it had not actually reviewed the record or grasped his claims. Specifically, in his view, the Board's original opinion revealed that it did not comprehend his most significant equity, his rehabilitation. Although Smalling is correct that the Board has a legal duty to "announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted," the BIA need not "write an exegesis on every contention." Filja v. Gonzales, 447 F.3d 241, 256 (3d Cir. 2006) (internal quotation omitted). Moreover, although its original decision did not explicitly note his rehabilitation per se, it did—as the Board emphasized in denying reconsideration—correctly characterize the nature of the evidence in general and note that the positive factors Smalling presented were truly outstanding. Ultimately, the BIA concluded that the adverse considerations in Smalling's case were so serious that, even assuming he presented particularly outstanding positive equities, relief was not warranted. A.R. 15. On reconsideration, the BIA declined to revisit this determination. A.R. 2. We have no warrant, of course, to reweigh the equities presented by Smalling's case. See infra n.2. And because the Board did not fail in its legal duty to confront Smalling's evidence or to produce an opinion showing it had, there was no abuse of

4

discretion in its rejection of Smalling's argument on reconsideration about rehabilitation.[2]

Smalling finally contends that the BIA erred by failing to reconsider its decision to uphold the IJ's reliance on a presentence report. Specifically, he claims that the IJ improperly weighed the report's account of the nature of his contact with his stepdaughter versus the account Smalling provided in his testimony. The question whether the IJ properly weighed the evidence is beyond our jurisdiction. Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008).[3]

For the reasons that we have given, we will deny Smalling's petition for review to the limited extent, described above, that he presents any questions of law. Otherwise we will dismiss the petition for review.

---

[2] In this Court, Smalling has highlighted both his commendable efforts towards rehabilitation and a report indicating that he presents little risk of recidivism. He contends that the BIA was incorrect to compare his case to reported cases involving crimes he believes were more serious, and instead suggests that the equities in his case should have been weighed similarly to those at issue in Matter of Arreguin, 21 I. & N. Dec. 38, 42-43 (BIA 1995). To the extent that Smalling's claim amounts to an invitation to review the BIA's weighing of the equities, we lack jurisdiction. Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008).

[3] To the extent that Smalling claims that pre-sentence reports are unreliable and the IJ erred as a matter of law by relying upon the report in this case, it must also fail. See Nijhawan v. Att'y Gen., 523 F.3d 387, 399 (3d Cir. 2008), *aff'd* 129 S. Ct. 2294 (2009). Moreover, the IJ unambiguously held that Smalling's crime outweighed his positive equities *regardless* of which account was credited; no reliance on the presentence report—improper or otherwise—informed the decision.