**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 11-1656 & 11-3424
_____

HAMADI HAMID SOULEMAN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petitions for Review of Orders of the
Board of Immigration Appeals
(Agency No. A096 286 682)
Immigration Judge:  Honorable Miriam K. Mills
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 19, 2012

Before:  JORDAN, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: March 30, 2012)

_____

OPINION
_____

PER CURIAM

Hamadi Hamid Souleman petitions for review of two orders:  an order of the

Board of Immigration Appeals ("BIA") that dismissed his appeal from an Immigration

1

Judge's final removal order and an order of the BIA denying his motion to reopen. For the reasons that follow, we will deny the petitions for review.

I.

Souleman is a citizen of the Central African Republic. He entered the United States in October 2001 as a nonimmigrant visitor for pleasure. He stayed beyond the time permitted by his visa and was served with a Notice to Appear. At a hearing before the IJ, Souleman conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). While his applications were pending, he married a United States citizen, who filed an I-130 Petition for Alien Relative on his behalf. The petition was approved in August 2005. Souleman withdrew his applications for asylum, withholding of removal, and relief under the CAT on May 18, 2007.

In February 2006, Souleman applied for adjustment of status. During the pendency of the adjustment-of-status application, Souleman was involved in multiple incidents of domestic violence. In April 2007, his wife obtained a temporary protective order against him after he destroyed several pieces of furniture in their home. A.R. 1487-90[1] (Temporary Protection from Abuse order). In July 2007, police responded to a domestic-violence call and arrested Souleman. A.R. 1493-96 (incident report and arrest report). He was charged with various crimes, but the charges were dropped for lack of

---

[1] For ease of reference, all citations to the record are to the administrative record filed in 11-3424.

prosecution. The next incident of domestic violence occurred in September 2007, and he was again arrested and charged with various crimes, and the charges were again dropped for lack of prosecution. A.R. 1475-79; 1491-92 (reports of police investigation); 1480-84.

At another hearing before the IJ, Souleman's wife offered favorable testimony on his behalf. The Government offered the testimony of and reports written by several police officers who investigated the domestic-violence incidents. This evidence conflicted with the wife's testimony. In addition, the Government called an expert witness on domestic violence. The IJ found that Souleman was statutorily eligible for adjustment of status, but, in her discretion, denied relief. The IJ found that several adverse factors weighed against Souleman. Specifically, she discussed Souleman's actions that led to his arrests and the temporary protective order, and expressed concern over his recidivism and failure to take responsibility for his actions. The BIA adopted and affirmed the IJ's decision on February 15, 2011. Souleman filed a petition for review, and it was docketed at C.A. No. 11-1646.

On June 27, 2011, Souleman filed with the BIA a motion to reopen removal proceedings based on claims of changed country conditions and ineffective assistance of immigration trial counsel. Although either changed country conditions or ineffective assistance of counsel can in some cases provide an exception to the timeliness requirements, the BIA denied the motion as untimely. The BIA determined that

3

Souleman had failed to comply with procedural requirements for ineffective assistance claims. It also determined that "[t]he claim of changed country conditions in the Central African Republic is based on limited background information that does not demonstrate materially changed conditions from those prevailing prior to and at the time of the respondent's 2010 hearing before the Immigration Judge." A.R. 2.

Souleman filed a second petition for review, and it was docketed at C.A. No. 11-3424. By Order of the Clerk dated September 9, 2011, the two petitions for review were "consolidated for disposition only." See 8 U.S.C. § 1252(b)(6) (requiring consolidation under these circumstances).

II.

"[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review legal conclusions de novo. Toussaint v. Att'y Gen., 455 F.3d 409, 413 (3d Cir. 2006). The Government argues that the petition for review of the BIA's February 15, 2011 decision should be dismissed because this Court lacks jurisdiction to review denials of discretionary relief. The Government is correct in asserting that we cannot review denials of discretionary relief. 8 U.S.C. § 1252(a)(2)(B). We thus lack jurisdiction to consider Souleman's argument that the IJ's decision denying him adjustment of status was against the weight of the evidence, as that argument "amount[s] to nothing more than [a] quarrel over the exercise of discretion and the correctness of the factual findings

4

reached by the agency." Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008)

(internal quotation and citation omitted).

However, we do retain jurisdiction to review legal or constitutional questions.

Patel v. Att'y Gen., 619 F.3d 230, 233 (3d Cir. 2010); 8 U.S.C. § 1252(a)(2)(D).

Although the Government argues that Souleman does not raise any such questions, we

discern one: whether the IJ was allowed, as a matter of law, to consider as an adverse

factor the conduct leading to Souleman's arrests where the arrests never culminated in

convictions. See Billeke-Tolosa v. Ashcroft, 385 F.3d 708, 710-11 (6th Cir. 2004) (court

has jurisdiction to consider whether BIA denied adjustment of status in violation of BIA

precedent). We conclude that the IJ did not err. In Matter of Arreguin, 21 I. & N. Dec.

38, 42 (1995), the BIA held that it would give little weight to an arrest record where

prosecution was declined, and there was no corroboration of the conduct from the

applicant or otherwise. See also Billeke-Tolosa, 385 F.3d at 712 (IJ erred in considering

applicant's sexual abuse arrest history where he had not been convicted of any crime and

no evidence was presented to suggest that he had committed sexual abuse). Here, in

contrast, the IJ considered not only arrest reports, but also: (1) testimony of police

officers who encountered Souleman's wife when she reported abuse, and who

investigated and participated in Souleman's arrest; (2) Souleman's wife's testimony at

the hearing before the IJ, and the fact that she affirmed that her testimony at a preliminary

5

hearing was accurate;[2] (3) Souleman's own testimony that he had "laid hands on" his wife; (4) the fact that Souleman's wife had obtained a protection from abuse order against him in April 2007; and (5) expert testimony.[3] The IJ was entitled to consider this evidence in her discretionary determination. See Henry v. INS, 74 F.3d 1, 6 (1st Cir. 1996) ("while an arrest, without more, is simply an unproven charge, the fact of the arrest, and its attendant circumstances, often have probative value in immigration proceedings"); See also Matter of Thomas, 21 I. & N. Dec. 20, 23-25 (BIA 1995) (en banc) (BIA and courts appropriately consider unfavorable conduct by alien, even in absence of conviction).

Souleman raises one other issue in connection with his first petition for review, unrelated to the decision to deny him adjustment of status: he alleges he was unaware and did not consent to his attorney's decision to withdraw his asylum application. We lack jurisdiction to review this claim in the context of the first petition for review because Souleman failed to exhaust the issue in his brief to the BIA. A.R. 196-207 (brief); 8 U.S.C. § 1252(d)(1). In any event, it appears that his assertion is false. A.R. at 900-01.

For the foregoing reasons, we will dismiss the petition for review filed at C.A. No. 11-1656.

---

[2] In the preliminary hearing, Souleman's wife testified that Souleman punched her in the face, destroyed the telephone to prevent her from calling the police, threw her on the couch, and punched her in the stomach, although she was pregnant.

[3] We of course lack jurisdiction to review the weight that the IJ and BIA gave to this evidence; we cite the evidence only to show that the allegations of Souleman's conduct

We now turn to the petition for review of the order denying Souleman's motion to reopen. We review the BIA's decision denying a motion to reopen for abuse of discretion and review its underlying factual findings for substantial evidence. Shardar v. Att'y Gen., 503 F.3d 308, 311 (3d Cir. 2007). We will uphold the denial of a motion to reopen unless the decision is arbitrary, irrational, or contrary to law. Id.

There is no question that Souleman's motion to reopen was filed beyond the 90-day time limitation for filing such a motion. See 8 C.F.R. § 1003.2(c)(2) (requiring that such a motion be filed no later than 90 days after the date on which the final administrative decision was rendered). As recognized by the BIA, the 90-day time limitation does not apply where an applicant seeks asylum based on changed circumstances arising in the country of nationality. Id. § 1003.2(c)(3). The BIA also recognized that the period may be equitably tolled due to ineffective assistance of counsel, if such allegations are substantiated and accompanied by a showing of due diligence. Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011).

In order to meet the "changed circumstances" exception, Souleman was required to present material evidence of changed country conditions that could not have been presented during his hearing before the IJ. Shardar, 503 F.3d at 313. Souleman disputes the BIA's conclusion that he did not establish changed conditions in the Central African Republic since his September 2, 2010 hearing. However, in his brief he has not cited to

were corroborated by evidence outside the arrest reports.

any evidence of record supporting his contention that country conditions have changed. Further, as the Government notes in its brief, the sole piece of evidence that Souleman presented with his motion to reopen that was not available at the time of the previous hearing was a 2011 Amnesty International article. Although that article describes some horrific conditions, it does not describe conditions materially different than the conditions at the time of Souleman's prior hearing. A.R. 39-40. Souleman has not shown that the record compels the conclusion that country conditions have changed or that the BIA's decision to deny reopening on this basis is arbitrary, irrational, or contrary to law.[4]

We further find no error in the BIA's determination that Souleman had not met the procedural requirements set forth in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), for pursuing an ineffective assistance of counsel claim. See Rranci v. Att'y Gen., 540 F.3d 165, 172 (3d Cir. 2008) (outlining those requirements); Lu v. Ashcroft, 259 F.3d 127, 129 (3d Cir. 2001) (holding that "the Lozada requirements are a reasonable exercise of the Board's discretion."). As the BIA noted, Souleman did not indicate that he had filed a complaint with the appropriate disciplinary authority or adequately explain why he had not done so, nor did he inform prior counsel about his allegations of ineffectiveness

---

[4] Souleman also notes that he sent a letter to the BIA stating that he "would like to submit more evidence," that as he was writing the letter, the evidence was "being sent to me via mail," and asking "to have a little time" to submit the evidence. A.R. 27. Souleman claims that the BIA did not address his request. However, Souleman has not shown that he was prejudiced by the BIA's failure to address the request. He has not indicated that he did, in fact, receive more material evidence that would have supported reopening.

8

or provide counsel an opportunity to respond.  A.R. 2.  We conclude that the BIA

decision to deny reopening as untimely was not arbitrary, irrational, or contrary to law.

For the foregoing reasons, we will deny the petitions for review.[5]

---

[5] The Government's motion to dismiss, filed in 11-1656, is granted in part and denied in part, as discussed in Section II, above.  Souleman's motion to reopen and remand and supplemental motion to reopen and remand, both filed in 11-1656, are denied as moot as the BIA has considered and denied Souleman's motion to reopen.  Souleman's motion to take judicial notice is granted to the extent that this Court will take notice of his changed place of detention.  The motion is denied to the extent Souleman seeks review of criminal charges filed against him, as such a review is beyond the scope of these proceedings.  See 8 U.S.C. § 1252.