BLD-142                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1154
_____

HAMADI HAMID SOULEMAN,
                                                    Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA; SECRETARY
UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
THOMAS DECKER; MARY SABOL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:11-cv-01347)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2012
Before:  SCIRICA, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 06, 2012)
_____

OPINION
_____

PER CURIAM

        Appellant Souleman, a citizen of the Central African Republic, entered the United

States in October of 2001 as a nonimmigrant visitor for pleasure.  Having overstayed his

visa, he was placed into removal proceedings, in response to which he applied for

1

adjustment of status. On February 15, 2011, the Board of Immigration Appeals denied Souleman's appeal from an adverse ruling by an Immigration Judge; his petition for review of that decision was denied by this Court on March 30, 2012.[1]

Detained pursuant to 8 U.S.C. § 1231(a)[2] at the York County Prison—a continuation of ICE detention that otherwise began in September of 2008—Souleman filed a writ of habeas corpus under 28 U.S.C. § 2241 on July 14, 2011. He alleged that his continued detention violated the laws and Constitution of the United States— specifically, the statutory provisions of 8 U.S.C. § 1231 (as interpreted by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001)), as well as substantive and procedural due process. Souleman cited August 15, 2011, as the end of the six-month "presumptively reasonable" period of detention primary to removal, and alleged that successful removal to the Central African Republic would not be likely.[3] He requested, primarily, to be released from detention.

What followed was a brief period of confusion. On August 19, the Office of

---

[1] See Souleman v. Att'y Gen., Nos. 11-1656 & 11-3424 (3d Cir. Mar. 30, 2012) (nonprecedential per curiam opinion).

[2] Section 1231(a) governs the detention, release, and removal of aliens ordered removed from the United States.

[3] We note that it is unclear, in this Circuit, whether the six-month period began on February 15, 2011 (the date that the Board of Immigration Appeals denied the appeal), or May 12, 2011 (the date that we denied Souleman's motion for stay of removal). See Prieto-Romero v. Clark, 534 F.3d 1053, 1059–60 & n.5 (9th Cir. 2008). Were the latter date to control, Souleman would have been far from the end of the period of presumptive reasonableness when he first filed his habeas petition. As we affirm on mootness grounds, we need not answer this question today.

Immigration Litigation (OIL) told the District Court that Souleman had been successfully removed on August 16, relying on an Enforcement Alien Removals Module (EARM) report listing him as "deported" on that day. OIL argued that the habeas petition was now moot, and the Magistrate Judge recommended that the petition be dismissed. But the Government had erred; Souleman contacted the Court, revealing that he had not been successfully deported. OIL quickly corrected the record, explaining that, while the information available at the time reflected a successful deportation, "ICE was unable to effectuate . . . removal due to Souleman's efforts to stave off his removal."[4]

Despite this change of circumstances, OIL argued that the petition remained moot. In reaction to Souleman's obstruction, the Government had charged him with one count of hampering removal under 8 U.S.C. § 1253(a)(1)(C), and had secured a pre-trial detention order. See M.D. Pa. Crim. No. 1:11-cr-00273, ECF No. 11; see also 18 U.S.C. § 3142(e).[5] As Souleman was no longer in ICE custody, but was instead in the custody of the Attorney General pending trial, his claim "against ICE is now moot" and the Court was without jurisdiction. The District Court agreed, adopting the earlier Report and Recommendation and dismissing the petition because it "no longer me[t] the 'case or controversy' requirement of Article III." Souleman v. Holder, No. 3:11–CV–1347, 2012 WL 32922, at *3 (M.D. Pa. Jan. 6, 2012). This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. "Questions of mootness are

---

[4] OIL also noted that this was not the first of Souleman's attempts to avoid removal. See Response 3 n.2, ECF No. 15.

[5] As the criminal proceeding is still ongoing as of our time of writing, we stress that we express no view on the validity of the charge currently pending.

considered under a plenary standard of review." Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers v. Kelly, 815 F.2d 912, 914 (3d Cir. 1987). More generally, in reviewing an appeal from a § 2241 petition, we exercise plenary review over a District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

We agree with the District Court that the petition is moot. Souleman has been removed from the custody about which he complained. Neither this Court nor the District Court would therefore be able to grant Souleman the relief he requested. See Huber v. Casablanca Indus., 916 F.2d 85, 107 (3d Cir. 1990); see also Wang v. Ashcroft, 320 F.3d 130, 147 (2d Cir. 2003); Al Najjar v. Ashcroft, 273 F.3d 1330, 1338–39 (11th Cir. 2001). As we have determined that the petition is moot, we need not discuss whether it was meritorious.

For the foregoing reasons, and "[b]ecause this appeal does not present a substantial question, we will summarily affirm the District Court's judgment." Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Souleman's motion for appointment of counsel is denied. Tabron v. Grace, 6 F.3d 147, 155–56 (3d Cir. 1993).

---

express no view on the validity of the charge currently pending.

4