# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2024

Lyle W. Cayce
Clerk

————————

No. 24-60007

————————

Emmanuel Suah Cooper,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A079 955 707

_____

Before Smith, Clement, and Higginson, *Circuit Judges*.

Per Curiam:*

Emmanuel Suah Cooper, a native and citizen of Liberia, moved to the United States in 2003 as a lawful permanent resident. In 2023, the Department of Homeland Security (DHS) issued Cooper a notice to appear before an immigration judge (IJ) and deemed him removable based on a 2021 conviction for attempted injury to a child under Texas law. Cooper then applied for cancellation of removal, but the IJ denied this request. On appeal

———————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60007

of that denial, the Board of Immigration Appeals (BIA) affirmed and adopted the IJ's opinion, dismissing Cooper's appeal. Because Cooper fails to raise a colorable question of law over which we have jurisdiction, we DISMISS his petition for review.

## I.

## A.

Cooper arrived in the United States over twenty years ago, when he was sixteen-years old. In December 2015, the incident that formed the basis of his order of removal took place. According to the affidavit submitted in support of Cooper's arrest warrant, police officers were sent to a hospital in Lancaster, Texas after Cooper's 1-year-old step-daughter, SS,[1] was admitted with life-threatening injuries, including two skull fractures, multiple abrasions on her face, a cut on her upper lip, and a bruise on her chest. SS had to undergo emergency surgery to reduce swelling in her brain. Cooper told the police that he was home alone with SS before the incident. Cooper claimed that earlier that day he had picked SS up from her mother's work and driven her home. After Cooper went to his room to change and watch television, he noticed he could no longer hear SS and went to look for her. He allegedly found her "draped over the bath tub unresponsive with blood coming from her mouth." Cooper then attempted CPR, called SS's mother, and drove the child to the hospital. The doctor treating SS allegedly told the officers that the injuries "could not be caused by a child falling and required an outside force."

---

[1] As SS is not a party to this suit and is a minor, we use only her initials to protect her privacy.

No. 24-60007

## B.

In 2021, Cooper pleaded guilty to the felony of attempted bodily injury to a child and was placed on deferred adjudication community supervision for three years. In open court, Cooper signed a document entitled "Judicial Confession." *See Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (explaining that under Texas law, judicial confessions suffice to support a guilty plea so long as they "cover[] all of the elements of the charged offense"). This document originally stated that "[Cooper] did unlawfully . . . intentionally and knowingly cause serious bodily injury to [SS] . . . by striking [her] with and against an[] unknown object." However, the signed Judicial Confession reflects that the phrase "intentionally and knowingly" was crossed out and in its place was written "recklessly," in addition to the word "serious" being struck. Texas Penal Code Section 22.04 provides that "[a] person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act . . . causes to a child . . . bodily injury." Tex. Penal Code Ann. § 22.04(a)(3). Under Texas law, recklessly causing a child bodily injury is a "state jail felony." *Id.* § 22.04(f).

Despite Cooper's Judicial Confession reflecting his admission to recklessly injuring SS, the document entitled "Order of Deferred Adjudication" describes his offense as "attempted injury to child." Texas Penal Code Section 15.01 states that "[a] person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Tex. Penal Code Ann. § 15.01(a). Under this statute, if the offense attempted is a "state jail felony," such as the one Cooper confessed to, then the attempt is a Class A misdemeanor. *Id.* § 15.01(d).

3

No. 24-60007

## C.

In 2023, DHS initiated removal proceedings against Cooper based on his 2021 conviction. Cooper conceded removability but filed for cancellation of removal.[2] The IJ reviewing Cooper's request for cancellation held a hearing where Cooper testified and DHS cross-examined him. After the hearing, the IJ determined that Cooper was eligible for cancellation but discretionarily denied the request, finding that Cooper did not testify credibly and that his 2021 conviction was a factor weighing against cancellation. More specifically, the IJ explained his adverse finding with respect to the 2021 conviction as follows:

> While [Cooper's] plea proffer crossed out 'intentional' and 'knowingly' and wrote 'recklessly' as the *mens rea*, all of which were appropriate mental states under the Texas statute of causing injury to a child, Tex. Pen. § 22.04(a), the Court notes under the state criminal code that criminal attempt is a specific attempt crime, *id.* at § 15.01(a). Therefore, [Cooper] pled guilty to having the "specific intent to commit" an offense causing serious bodily injury to a child. Further, while [Cooper] has not plead guilty to causing injury, the physician's statements and other relevant circumstances clearly indicate he was the cause of the child's injury.

---

[2] Cooper also applied for asylum, withholding of removal, protection under the Convention Against Torture (CAT), and voluntary departure. Cooper does not contest the denial of relief with respect to asylum, withholding of removal, and protection under the CAT. Additionally, Cooper forfeited any argument as to voluntary departure by failing to brief the issue. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal."). Therefore, we focus only on the issue of cancellation of removal.

In addition to this conviction, the IJ cited Cooper's "long history of criminal allegations" as further justification for the discretionary denial of the request for cancellation of removal.

Cooper filed a notice of appeal from the IJ's decision, asserting that "[t]he IJ erred by finding that the conduct admitted by [Cooper] was intentional or knowing, where [his] signed statement, including in his plea proceeding, described the admitted offense as committed 'recklessly.'" Cooper then failed to timely file a brief before the BIA.

In response to Cooper's notice of appeal alone, the BIA affirmed and adopted the IJ's decision denying cancellation of removal. With respect to Cooper's argument that the IJ misinterpreted the Judicial Confession, the BIA held that "the minimum culpable mens rea required for a conviction of the relevant offense at issue does not alter the outcome of this case in that it does not affect the . . . denial of cancellation of removal." The BIA dismissed Cooper's appeal, prompting Cooper to petition this court for review.

## II.

This court considers whether we have jurisdiction to review the BIA's decision de novo. *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013).

"When considering a petition for review, this court has the authority to review only the BIA's decision, not the IJ's decision, unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). "[T]his court may review the IJ's findings and conclusions if the BIA adopts them," as the BIA did here. *Id.* Thus, we may consider the IJ's decision below.

"An IJ deciding a noncitizen's request for cancellation of removal proceeds in two steps." *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024). First, the IJ determines "whether the noncitizen is eligible for cancellation

under the relevant statutory criteria." *Id.* Second, the "IJ decides whether to exercise his discretion favorably and grant the noncitizen relief." *Id.* at 212–13. Here, the IJ determined that Cooper was statutorily eligible, but the IJ discretionarily denied cancellation of removal.

Under 8 U.S.C. § 1252(a)(2)(B)(i), "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b." "Section 1229b governs cancellation of removal." *Wilkinson*, 601 U.S. at 218. "Section 1252(a)(2)(B)(i) therefore strips courts of jurisdiction over a 'judgment' on cancellation of removal." *Id.* This jurisdictional bar "plainly includes factual findings" underlying an IJ's decision. *Patel v. Garland*, 596 U.S. 328, 339 (2022); *see also Wilkinson*, 601 U.S. at 225 ("The facts underlying any determination on cancellation of removal therefore remain unreviewable.").

Notably, however, § 1252(a)(2)(D) does not limit jurisdiction over "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). The U.S. Supreme Court has held that the statutory phrase "questions of law" includes "the application of a legal standard to undisputed or established facts, also referred to as mixed questions of law and fact." *Wilkinson*, 601 U.S. at 217 (cleaned up). Thus, although § 1252(a)(2)(B)(i) precludes jurisdiction over judgments regarding cancellation of removal, § 1252(a)(2)(D) exempts pure and mixed questions of law.

### III.

### A.

Cooper first contends that this court has jurisdiction over the IJ's discretionary decision by virtue of § 1252(a)(2)(D) because he erred as a matter of law. While there is some question as to whether an issue of law arising in the context of the IJ's *discretionary* decision falls within the court's

jurisdiction,[3] we need not answer that question here because Cooper has raised no colorable issue of law regarding the IJ's decision denying his request for cancellation of removal. *See Villegas-Sarabia v. Sessions*, 874 F.3d 871, 877 (5th Cir. 2017) ("[T]his court retains jurisdiction to review colorable questions of law and constitutional claims under 8 U.S.C. § 1252(a)(2)(D).").

Cooper offers multiple alleged errors of law. His primary contention is that the IJ wrongly concluded that the conduct Cooper confessed to was intentional or knowing, contrary to the Judicial Confession reflecting an admission of recklessly injuring a child. But the IJ never said that Cooper *admitted* to intentionally or knowingly injuring a child. In fact, the IJ acknowledges the change in language from "intentionally and knowingly" to "recklessly" in Cooper's "plea proffer."

Granted, it is clear that the IJ found that Cooper *did in fact* intentionally injure SS, despite the confession to recklessly injuring SS. At times Cooper identifies this finding as the IJ's error: "The [IJ] egregiously misconstrued the record by claiming, based on this conviction record, that [Cooper] 'brutally beat an infant.'" But the IJ's determination that, *as a matter of fact*, Cooper intentionally injured SS is not a legal finding but a factual one. *See Wilkinson*, 601 U.S. at 225 (listing examples of an IJ's factfinding). We have no jurisdiction to review factual findings. *See id.*; *Patel*, 596 U.S. at 339. Further, for what it's worth, the IJ clearly based this factual finding on more than Cooper's conviction alone, citing, *inter alia*, the Texas court's finding that there was sufficient evidence to substantiate Cooper's

---

[3] *See Wilkinson*, 601 U.S. at 225 n.4 ("[I]f the IJ decides a noncitizen is *eligible* for cancellation of removal at step one, his step-two discretionary determination on whether or not to *grant* cancellation of removal in the particular case is not reviewable as a question of law.").

guilt, the affidavit in support of the arrest warrant, and Cooper's failure to offer credible testimony on cross-examination.

Moreover, the IJ committed no legal error in stating that Cooper's Order of Deferred Adjudication reflects an offense of "attempted injury to a child," because that is an accurate statement. Nor was the IJ wrong that under Texas law, criminal attempt is a specific intent crime. *See* Tex. Penal Code Ann. § 15.01(a) ("A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."). Cooper's conviction for attempted injury to a child implies that, at the very least, Cooper *intended* to harm SS but never "effect[ed] the commission of the offense intended."

It is true that this conviction does not match Cooper's Judicial Confession. Cooper confessed to recklessly injuring SS, yet his Order of Deferred Adjudication reflects an offense of attempted injury to a child. Under Texas law, "[t]he attempt statute does not apply when the culpable mental state for the offense attempted is less than knowing." *Strong v. State*, 87 S.W.3d 206, 217 (Tex. App.—Dallas 2002, pet. ref'd) *abrogated in part on other grounds by Pfeiffer v. State*, 363 S.W.3d 594 (Tex. Crim. App. 2012). Given that the crime to which Cooper confessed was a state jail felony, Tex. Penal Code Ann. § 22.04(f), and the attempt offense at issue here qualified as a misdemeanor, *id.* § 15.01(d), his Order of Deferred Adjudication reflects a less serious crime than his Judicial Confession. If there was any error in the Texas criminal proceedings, then, it would have worked in Cooper's favor. More importantly, it is unclear how a discrepancy between the Judicial Confession and the Order of Deferred Adjudication could constitute a legal error *attributable to the IJ*. Cooper has failed to identify a question of law arising from the IJ's discretionary denial of the

request for cancellation of removal, and without such a question, this court has no jurisdiction over Cooper's petition.

What's more, under Texas law, "so long as . . . a judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea." *Menefee*, 287 S.W.3d at 13. Cooper was initially charged with violating Texas Penal Code Section 22.04, which prohibits "intentionally, knowingly, *recklessly*, or with criminal negligence . . . caus[ing] to a child . . . bodily injury," Tex. Penal Code Ann. § 22.04(a)(3) (emphasis added). Cooper's judicial confession to recklessly causing SS bodily injury covered all of the elements of § 22.04, the charged offense, and therefore sufficed to support the guilty plea. Thus, there is reason to doubt any legal error in Cooper's criminal proceedings in Texas court, much less one within the IJ's decision.

## B.

Cooper attempts to identify two additional legal errors in the IJ's decision. First, he argues that the IJ determined that the *mens rea* requirements of Section 22.04 of the Texas Penal Code are not distinct elements. The IJ made this determination in the context of analyzing whether Cooper had been convicted of an "aggravated felony," which is the third element in the test for whether someone is eligible for cancellation of removal. *In re C-V-T*, 22 I. & N. Dec. 7, 10 (BIA 1998). The IJ concluded in Cooper's favor that his conviction was not an aggravated felony, so any error in the IJ's analysis was clearly harmless.

Second, Cooper argues that "the [IJ] erred as a matter of law by taking the arrest report at face value contrary to BIA precedent," citing *In re Arreguin De Rodriguez*, 21 I. & N. Dec. 38, 42 (BIA 1995). There, the BIA stated that "[j]ust as we will not go behind a record of conviction to determine the guilt or innocence of an alien, so we are hesitant to give

substantial weight to an arrest report, absent a conviction or corroborating evidence of the allegations contained therein." *Id.* But here, Cooper's record contains a conviction, and the IJ specifically took note of the evidence that he believed corroborated that conviction. *Arreguin* is distinguishable.

\* \* \*

In sum, Cooper's petition chiefly complains of the IJ's factual finding that Cooper intentionally injured SS, which we have no jurisdiction to review under 8 U.S.C. § 1252(a)(2)(B)(i). Cooper has failed to identify a question of law with respect to the IJ's decision denying cancellation of removal, over which this court would have jurisdiction under § 1252(a)(2)(D). We therefore cannot rule on Cooper's petition.

## IV.

For the foregoing reasons, we DISMISS Cooper's petition for review.