*Hinds v. Bondi*

BIA
Driscoll, IJ
A207 707 571

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of January, two thousand twenty-six.

PRESENT:
>      DEBRA ANN LIVINGSTON,
>           *Chief Judge*,
>      WILLIAM J. NARDINI,
>      MYRNA PÉREZ,
>           *Circuit Judges.*

_____

DEVON ALEXANDER HINDS,
>      *Petitioner*,

>      v.                                                              24-1878

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
>      *Respondent*.

_____

For Petitioner:            Steven Haskos, Relles Law, PLLC, White Plains, NY.

For Respondent:            Brett A. Shumate, Assistant Attorney General, Civil Division; Jennifer Levings, Assistant Director; Sarah Byrd, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the petition for review of a Board of Immigration Appeals ("BIA") decision is

**DENIED** in part and **DISMISSED** in part.

Petitioner Devon Alexander Hinds ("Hinds"), a native and citizen of Barbados, seeks review of a June 10, 2024, decision of the BIA affirming a December 14, 2023, decision of an Immigration Judge ("IJ") ordering his removal for a crime of child abuse under 8 U.S.C. § 1227(a)(2)(E)(i) and denying his application for cancellation of removal as a matter of discretion. *In re Devon Alexander Hinds*, No. A207 707 571 (B.I.A. June 10, 2024), *aff'g* No. A207 707 571 (Immig. Ct. Batavia Dec. 14, 2023). The removal process followed Hinds's July 15, 2021, guilty plea to one count of violating New York Penal Law § 260.10(1), endangering the welfare of a child. We assume the parties' familiarity with the remaining facts, procedural history, and issues in the petition.

## I. Removability

We deny the petition as to Hinds's challenge to removability. As he acknowledges, we have held that a conviction under New York's child endangerment statute is a categorical match to the BIA's definition of child abuse. *See Matthews v. Barr*, 927 F.3d 606, 616, 620 (2d Cir. 2019). Hinds argues that we should no longer defer to the BIA's definition of child abuse in light of *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), which overruled the longstanding *Chevron* doctrine, noting that we said it was "unlikely" we would have adopted the BIA's definition absent the deference requirement. Hinds Br. at 18–21 (quoting *Florez v. Holder*, 779 F.3d 207, 214 (2d Cir. 2015)). As the Government points out, however, Hinds did not challenge his removability on appeal to the BIA, and we generally do not review issues that have not been presented to the agency. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023).

Even assuming *arguendo* that review is appropriate here, we nevertheless remain bound by our decisions in *Florez* and *Matthews*. *See Matthews*, 927 F.3d at 614 ("Panels are bound by

2

the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." (citation modified)). Although "a panel may overrule a prior decision if there has been an intervening Supreme Court decision that casts doubt on our controlling precedent," *id.* (citation modified), the Supreme Court explained in *Loper Bright* that its decision did "not call into question prior cases that relied on the *Chevron* framework," 603 U.S. at 412. Therefore, we have generally concluded that "*Loper Bright* provides no basis for us to disregard" precedent that relied on *Chevron* deference. *Garcia Pinach v. Bondi*, 147 F.4th 117, 121 (2d Cir. 2025). We thus remain bound by *Florez* and *Matthews*.

## II. Cancellation of Removal

We dismiss the petition as to cancellation of removal. Cancellation of removal is discretionary relief available to lawful permanent residents who meet residency requirements and have not been convicted of an aggravated felony. 8 U.S.C. § 1229b(a). The agency considers whether an applicant is statutorily eligible and then decides whether an applicant warrants a favorable exercise of discretion. *See Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir. 2006). The burden of proof is on the applicant at both steps. 8 U.S.C § 1229a(c)(4)(A).

Our jurisdiction to review the agency's denial of cancellation of removal is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024). Questions of law may include the application of an "incorrect legal standard," *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40–42 (2d Cir. 2007), ignoring or "seriously mischaracteriz[ing]" important facts, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), and "[t]he application of a statutory legal standard . . . to an established set of facts," *Wilkinson*, 601 U.S. at 212. However, we lack jurisdiction to review underlying factual determinations such as the "IJ's factfinding on credibility," *id.* at 225, or "the agency's weighing

3

of the evidence, or the logic it employed in drawing inferences from it," *Penaranda Arevalo v. Bondi*, 130 F.4th 325, 340 (2d Cir. 2025).

Hinds argues that the agency erred by discounting his testimony and crediting the victim's statement to police in ascertaining the facts underlying his conviction under New York's child endangerment statute. "In evaluating the testimony of the applicant . . . , the [IJ] will determine whether or not the testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant has satisfied [his] burden of proof. In determining whether the applicant has met such burden, the immigration judge shall weigh the credible testimony along with other evidence of record." 8 U.S.C. § 1229a(c)(4)(B).

Here, the agency found Hinds credible except for his testimony related to the incident underlying his conviction, which conflicted with the victim's sworn statement. The IJ explained that the evidence, including the victim's sworn statement to the police and an order of protection, did not conform with Hinds's testimony. Nothing in the IJ's opinion suggests an error of law—the IJ did not mischaracterize the facts; he weighed the testimony alongside the other record evidence as mandated by statute. *See* 8 U.S.C. § 1229a(c)(4)(B).

Hinds relies on *Padmore v. Holder*, 609 F.3d 62 (2d Cir. 2010), to argue that the IJ erred in relying on an unsubstantiated police report, but *Padmore* addressed impermissible fact-finding by the BIA, not the IJ. *See* 609 F.3d at 69. The IJ's role is to determine facts, and the BIA does not find facts on appeal, it only reviews the IJ's fact-finding for clear error. 8 C.F.R. § 1003.1(d)(3)(i). While Hinds argues that the BIA improperly accepted the victim's statement as true, the BIA did not engage in fact-finding but instead found no clear error in the IJ's findings. Hinds's reliance on *In re Arreguin De Rodriguez*, 21 I. & N. Dec. 38, 42 (B.I.A. 1995), is also misplaced. There, the BIA determined that an arrest report warranted little weight because

4

prosecution had been declined and the petitioner denied any wrongdoing. *Id.* In contrast, Hinds was convicted and did not completely deny wrongdoing.

Furthermore, "police reports and complaints, even if containing hearsay and not a part of the formal record of conviction, are appropriately admitted for the purposes of considering an application for discretionary relief," and the agency was not required to credit Hinds's testimony over the evidence in the criminal record. *Carcamo v. U.S. Dep't of Just.*, 498 F.3d 94, 98 (2d Cir. 2007). The IJ's decision to give more weight to the victim's sworn statement to police than to Hinds's testimony is fact-finding that is not subject to judicial review. *See Penaranda Arevalo*, 130 F.4th at 340.

Hinds also argues that the IJ erred in evaluating evidence of rehabilitation by considering that he did not complete sex offender counseling when the state court did not order him to do so, and by overlooking his testimony that he was ashamed of and regretted his actions. He argues that the IJ "penalize[d] [him] for not undertaking unnecessary actions." Hinds Br. at 17–18. However, "'proof of genuine rehabilitation'" can be "considered as part of the overall balancing test." *Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010) (quoting *In re C–V–T*, 22 I. & N. Dec. 7, 11 (B.I.A 1998)). Therefore, the IJ did not err in considering that Hinds had not completed sex offender counseling even though it was not court-ordered, especially considering Hinds's statements during his hearing that he had not considered his actions inappropriate. Furthermore, contrary to Hinds's position here, the IJ considered favorable evidence in the record, such as the letters of support. The findings of fact by the agency are not otherwise reviewable as there is no indication that the agency overlooked evidence or seriously mischaracterized the record. *See Penaranda Arevalo*, 130 F.4th at 340; *Mendez*, 566 F.3d at 323.

In sum, Hinds has not presented a constitutional claim or colorable question of law as to

5

the agency's discretionary denial of cancellation. His arguments ultimately challenge the agency's fact-finding and weighing of evidence, which we lack jurisdiction to review. *Penaranda Arevalo*, 130 F.4th at 340.

\* \* \*

For the foregoing reasons, we **DENY** in part and **DISMISS** in part the petition for review, and we **GRANT** in part and **DENY** in part the pending motion to dismiss, as outlined above.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court